**HARIRI LAW GROUP**
RAMIN R. HARIRI  (SBN: 251625)
402 West Broadway, Floor 22
San Diego, CA 92101
Tel: (619) 363-2889
Fax: (619) 810-0791
Email: ramin@haririlaw.com

**KHASHAYAR LAW GROUP**
DARYOOSH KHASHAYAR (SBN 236496)
TAYLOR MARKS (SBN 308381)
12636 High Bluff Dr., Ste. 400
San Diego, California 92130
Phone: (858) 509-1550
Fax: (858) 509-1551
Email: daryoosh@mysdlawyers.com

ATTORNEYS FOR PLAINTIFFS

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON THOMAS, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>COSTCO WHOLESALE CORPORATION; DOES 1-10, inclusive<br><br>Defendants. | CASE NO.: **'20CV0718 LAB BLM**<br><br>CLASS ACTION COMPLAINT FOR:<br><br>**1.** VIOLATIONS OF THE CONSUMER LEGAL REMEDIES ACT, CAL. CIVIL CODE  §§ 1750, ET SEQ.;<br><br>**2.** VIOLATIONS OF THE FALSE ADVERTISING LAW, CAL. BUS. & PROF.  §§ 17500, ET SEQ.;<br><br>**3.** VIOLATIONS OF THE UNFAIR COMPETITION LAW, CAL. BUS. & PROF.  §§ 17200, ET SEQ.;<br><br>**4.** NEGLIGENT MISREPRESENTATION<br><br>[DEMAND FOR JURY TRIAL] |

Hariri Law Group
402 West Broadway, Floor 22
San Diego, CA 92101

## INTRODUCTION

1. Plaintiff JASON THOMAS ("Plaintiff") brings this Class Action Complaint to challenge the deceptive advertising and business practices of defendants COSTCO WHOLESALE CORPORATION ("Defendant") and DOES 1-10 (collectively, "Defendants") with regard to Defendants' false and misleading promotion of Apple AirPods on their website.   Based on such false and misleading advertisements, Plaintiff and others similarly situated purchased Defendants' products.

2. Plaintiff purchased Defendants' product, which Defendants advertised as the latest version of the 2nd Generation" Apple AirPods, capable of wireless charging (the "Product") when in reality the product was an unknown hybrid mix which did not include a wireless charging case for the earbuds, which is how the product is sold by the original manufacturer Apple, Inc. (See Exhibit A – Description of an actual 2nd Generation Apple AirPods Product from www.apple.com).   Defendants advertised a false and misleading promotion on their websites, which, as mentioned above, described the Apple AirPods as "2nd Generation" without actually including with the product the wireless charging case for the earbuds--which would have come with a 2nd Generation Apple AirPods product.  (See Exhibit B).

4. Based on the characterization provided by the Defendants, Defendants' claims about the Product in Defendants' advertising were false and misleading.

5. Consequently, Defendants do not comply with federal and parallel state regulations. Defendants misled consumers into believing its product was a pair of 2nd Generation AirPods, which include a wireless charging case and are capable of wireless charging, when in fact the product was unknown hybrid mix that was not capable of wireless charging. These misrepresentations allow Defendants to increase sales and capture market shares from its competitors.

Hariri Law Group
402 West Broadway, Floor 22
San Diego, CA 92101

Hariri Law Group
402 West Broadway, Floor 22
San Diego, CA 92101

6.     Plaintiff makes these allegations as follows upon personal knowledge as to Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

7.     Defendants' nationwide sale and advertising of deceptively misbranded products constitutes violations of: (1) California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750, et seq.; (2) California's False Advertising Law ("FAL"), Bus. & Prof. Code §§ 17500, et seq.; (3) California's Unfair Competition Law ("UCL"), Bus. & Prof. Code §§ 17200, et seq.; and (4) negligent misrepresentation.

8.     This conduct caused Plaintiff and others similarly situated damages, and requires restitution and injunctive relief to remedy and prevent further harm.

9.     Unless otherwise indicated, the use of Defendants' name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of the named Defendant.

## JURISDICTION AND VENUE

10.     This Court has jurisdiction over this matter pursuant to the Class Action Fairness Act (CAFA) because the amount in controversy in this matter exceeds $5,000,000.001 as to all putative Class members, inclusive of attorneys' fees and costs, and injunctive relief.  See 28 U.S.C. § 1332(d).

11.     This Court has diversity jurisdiction under 28 U.S.C. § 1332 because Plaintiff and others similarly situated are residents and citizens of the State of California and the County of San Diego, and Defendant COSTCO WHOLESALE CORPORATION is a corporation organized and existing under the laws of the State of Washington, and the amount in controversy exceeds $75,000.

12.     This Court has personal jurisdiction over Defendants because Defendants conducts business in the County of San Diego and the harm giving rise to this action occurred within this County.  Therefore, Defendants have

-3-

sufficient minimum contacts with this state, and otherwise purposely avail themselves of the markets in this state through the promotion, sale, and marketing of its products in this state, to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

13.     Venue is proper in the United States District Court for the Southern District of California pursuant to 28 U.S.C. § 1391 for the following reasons: (i) the conduct complained of herein occurred within this judicial district; and, (ii) many of the acts and transactions giving rise to this action occurred in this district.

## **PARTIES**

14.     Plaintiff JASON THOMAS ("Plaintiff") was, at all relevant times, an individual residing in the State of California.

15.     Upon information and belief, Defendant COSTCO WHOLESALE CORPORATION ("COSTCO") is a corporation that is organized and exists under the laws of the State of Washington.

16.     Defendant COSTCO manufactures and/or distributes various products, including Apple AirPods.  Defendant conducts extensive business through Internet sales and enjoys wide retail distribution at numerous stores within the United States, including California.

17.     Plaintiff is currently unaware of the true names and capacities of the defendants sued in this action by the fictitious names DOES 1 through 10, inclusive, and therefore sues those defendants by those fictitious names.  Plaintiff will amend this complaint to allege the true names and capacities of such fictitiously named defendants when they are ascertained.

18.     Plaintiff is informed and believes and on that basis alleges that each defendant sued in this action, including each defendant sued by the fictitious names DOES 1 through 10, inclusive, is responsible in some manner for the occurrences, controversies and damages alleged below.  At all times herein mentioned, Defendants, and each of them, and DOES 1-10 were the agents,

servants, employees, permissive users, joint venturers, successors in interest, assigns and subsidiaries, each of the other, and at all times pertinent hereto were acting within the course and scope of their authority as such agents, servants, employees, permissive users, joint venturers, successors in interest, assigns and subsidiaries. (Defendants COSTCO and DOES 1 through 10, inclusive, are hereinafter collectively referred to as "Defendants".)

## NATURE OF THE CASE

19. At all times relevant, Defendants made and continues to make affirmative misrepresentations regarding its product, which it sells in physical stores and online through its own website.

20. Defendants advertised, marketed, packaged, and sold the Product to Plaintiff and other consumers similarly situated in California with the false and misleading representation that the Product was the latest 2nd Generation AirPods, which include a wireless charging case and are capable of wireless charging.

21. Despite the foregoing, Defendants sell the Product to consumers knowing and intending that these consumers use the Product, believing they have purchased a 2nd Generation AirPods, which include a wireless charging case and are capable of wireless charging.

22. The misrepresentations that Defendants make regarding the Product and the false claims that the Product is a 2nd Generation AirPods, which include a wireless charging case and are capable of wireless charging, allow Defendants to gain a market share of their industry through misleading practices, which is an unfair advantage to its competitors.

23. In short, Defendants makes false claims about products that they sell on the open market.

24. Defendants' conduct as alleged herein violates several California laws, as more fully set forth herein.

COMPLAINT FOR DAMAGES

Hariri Law Group
402 West Broadway, Floor 22
San Diego, CA 92101

# **FACTUAL ALLEGATIONS**

25.     Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26.     On or about March 24, 2020, Plaintiff purchased the Product online from Defendants.

27.     Plaintiff purchased the Product, believing that based on the title and product descriptions for the AirPods that he was purchasing the latest version Apple's "2nd Generation" AirPods," a product which is capable of wireless charging and includes a wireless charging case.

28.     Plaintiff purchased Defendants' product, which Defendants advertised as "Apple AirPods Wireless Headphones with Charging Case (2nd Generation)."  Defendants purposefully omitted the fact that, while the AirPods may have been 2nd Generation, they could **only** be charged via wired method by using an Apple Lightning cable or third party equivalent.  Defendants advertised this false and misleading promotion on their website.

29.     Defendants purposefully omitted any reference to how the Product was charged, in comparison to its competitors, who differentiated between the versions of the AirPods sold on their site and made it clear which models necessitated wired charging.

30.     The only reference to how the Product was charged was under "Product Details" wherein the description stated "AirPods with Charging Case."

31.     At the time Plaintiff purchased the Product, Plaintiff believed and relied upon the representations made on Defendants' website that the Product was indeed a true and correct latest version of the 2nd Generation Apple AirPods, which include a wireless charging case and are capable of wireless charging. Plaintiff reasonably believed that the Product was what was actually being advertised.

32.     On information and belief, Defendants' website advertising materials

Hariri Law Group
402 West Broadway, Floor 22
San Diego, CA 92101

are prepared and/or approved by Defendants and/or its agents.

33.     As a result of Defendants' false and misleading statements and failure to disclose, Plaintiff and others similarly situated consumers purchased hundreds, if not thousands of thousands, of units of the Product, and have suffered, and continue to suffer, injury in fact through the loss of money and/or property.

34.     This action seeks, among other things, equitable and injunctive relief, restitution of all amounts illegally obtained, and disgorgement of any and all ill-gotten gains as a result of the misconduct alleged herein.

## **CLASS ALLEGATIONS**

35.     Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36.     Plaintiff brings this action collectively and on behalf of all others similarly situated against Defendants, pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) and/or (b)(2).

37.     Excluded from the Class are Defendants and any of its officers, directors, and employees, or anyone who purchased Defendants' Product for the purpose of resale. Plaintiffs reserve the right to modify or amend the Class definition before the Court determines whether certification is appropriate.

38.     The "Class Period" means four years prior to the filing of the Complaint in this action.

39.     **Ascertainability.** The members of the Class are readily ascertainable from Defendants' records and/or Defendants' agents' records of retail and online sales, as well as through public notice.

40.     **Numerosity.**  The members of the Class are so numerous that their individual joinder is impracticable. Plaintiff is informed and believe that the Products are sold online and the Products have numerous customer reviews, and on that basis, Plaintiff alleges that the putative Class consists of hundreds, if not

Harrii Law Group
402 West Broadway, Floor 22
San Diego, CA 92101

thousands of members.

41.     **Existence and Predominance of Common Questions of Law and Fact.** Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting only individual Class members. All members of the Class have been subject to the same conduct and their claims are based on the same standardized marketing, advertisements and promotions. The common legal and factual questions include, but are not limited to, the following:

a.     Whether the Products were actually advertised as the latest 2nd Generation Apple AirPods;

b.     Whether the Products actually were the latest generation 2nd Generation Apple AirPods;

c.     Whether Defendants' claims and representations, as alleged herein, are untrue, misleading, and/or reasonably likely to deceive the average consumer;

d.     Whether Defendants' conduct violates California Civil Code § 1750, et seq.; e. Whether Defendants' advertising is false, untrue, or misleading within the meaning of California Business & Professions Code §§ 17500, et seq.;

e.     Whether Defendants' conduct is an unfair, fraudulent, or unlawful act or practice within the meaning of California Business & Professions Code §§ 17200, et seq.;

f.     Whether Defendants' advertising is unfair, deceptive, untrue or misleading within the meaning of California Business & Professions Code §§ 17200, et seq.;

g.     Whether Defendants acted negligently or intentionally in making the misrepresentations contained on the Product's label and Defendant's website;

h.     Whether Defendants, through their conduct, received money

Hariri Law Group
402 West Broadway, Floor 22
San Diego, CA 92101

Hariri Law Group
402 West Broadway, Floor 22
San Diego, CA 92101

that, in equity and good conscience, belongs to the Plaintiffs and members of the Class;

i.    Whether the Plaintiff and the putative Class members are entitled to equitable relief, including but not limited to restitution and/or disgorgement of ill-gotten gains; and

j.    Whether the Plaintiff and the putative Class members are entitled to injunctive relief as sought herein.

42.    **Typicality.**    Plaintiff's claims are typical of the claims of the members of the Class in that the Plaintiff is a member of the Class that the Plaintiff seeks to represent. Similar to members of the putative Class, Plaintiff purchased Product after exposure to the same material misrepresentations appearing Defendant's website. Plaintiff also received the Product that is not the latest version of the 2nd Generation AirPods, capable of wireless charging. Plaintiff is advancing the same claims and legal theories on behalf of themselves and all absent members of the Class. Defendants have no defenses unique to the Plaintiff.

43.    **Adequacy of Representation.** Plaintiff will fairly and adequately protect the interests of the members of the putative Class. Plaintiff has retained counsel experienced in consumer protection law, including class actions, and specifically, false and deceptive advertising. Plaintiff has no adverse or antagonistic interest to those in the Class and will fairly and adequately protect the interests of the Class. Plaintiff's attorneys are aware of no interests adverse or antagonistic to those of Plaintiff and proposed Class.

44.    **Superiority.**    A class action is superior to all other available means for the fair and efficient adjudication of this controversy. Individualized litigation would create the danger of inconsistent and/or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system. The damages or other financial

detriment suffered by individual Class members may be relatively small compared to the burden and expense that would be entailed by individual litigation of the claims against the Defendants. The injury suffered by each individual member of the proposed class is relatively small in comparison to the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendants' conduct. It would be virtually impossible for members of the proposed Class to individually redress effectively the wrongs to them. Even if the members of the proposed Class could afford such litigation, the court system could not. Individualized litigation of the complex legal and factual issues of such a case increases the delay and expense to all parties, including the court. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Therefore, a class action is maintainable pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) and/or (b)(2).

45.    Unless the Class is certified, Defendants will retain monies received as a result of Defendants' unlawful and deceptive conduct alleged herein. Unless a class-wide injunction is issued, Defendants will also likely continue to, or allow its resellers to, advertise, market, promote, and sell the Class Products in an unlawful and misleading manner, and members of the Class will continue to be misled, harmed, and denied their rights under California law.

46.    Further, Defendants have acted or refused to act on grounds that are generally applicable to the class so that declaratory and injunctive relief is appropriate to the Class as a whole, making class certification appropriate pursuant to Fed. R. Civ. P. 23(b)(2).

Hariri Law Group
402 West Broadway, Floor 22
San Diego, CA 92101

Hariri Law Group
402 West Broadway, Floor 22
San Diego, CA 92101

## FIRST CLAIM FOR RELIEF
## (VIOLATIONS OF THE CONSUMERS LEGAL REMEDIES ACT)
### California Civil Code § 1750 et seq.

47.     Plaintiff, on behalf of himself and all consumers similarly situated ("the Class"), repeats and realleges each of the foregoing paragraphs of this Complaint as if set forth in full.

48.     Plaintiff and Class members are consumers who purchased the misrepresented "2nd Generation Apple AirPods."

49.     By failing to disclose that the Apple AirPods did not have wireless charging and concealing the true make-up of the Apple AirPods sold, Defendants violated Civil Code Section 1770(a), as it misrepresented Apple AirPods characteristics that it did not have, and that its product was of a particular standard, style, quality or grade when it  was of another (See Civil Code 1770(a)(5)(7)).

50.     Defendants' unfair or deceptive acts or practices occurred repeatedly in Defendants' trade or business, were capable of deceiving a substantial portion of the purchasing public and did so.

51.     Defendants were under a duty to Plaintiff and the Class to disclose that the Apple AirPods sold were not complete and true 2nd Generation Apple AirPods with wireless charging:

a.     Defendants were in a superior position to know the true facts about the product sold.

b.     Plaintiff and the Class could not reasonably have been expected to learn or discover that the Apple AirPods were not complete and true 2nd Generation AirPods with wireless charging case.

c.     Defendants actively concealed the inherent defective nature of the hoses from Plaintiff and the Class.

52.     In failing to disclose that the actual product did not include wireless

charging capability and a wireless charging case and were not complete 2nd Generation Apple AirPods, Defendants knowingly and intentionally concealed material facts and breached their duty to disclose such information.

53. The facts concealed or not disclosed by Defendants to Plaintiff and the Class are material in that a reasonable consumer would have considered them to be important in deciding whether to purchase the Product. Had Plaintiff and the Class known the AirPods they would be receiving were not the latest model capable of wireless charging, they would not have purchased the Product.

54. As a direct and proximate result of Defendants' unfair or deceptive acts or practices, Plaintiff and the Class have suffered and will continue to suffer economic injury.

55. Plaintiff and the Class are also entitled to equitable relief.

56. On or about March 31, 2020, Plaintiff served on Defendants a demand for corrective action pursuant to California Civil Code § 1750 and 1782(a). Plaintiff reserves the right to amend the Complaint to assert a cause of action under the CLRA, specifically, Civil Code Sections1770(a)(4), (5) and (7), should Defendants not take timely and appropriate corrective action and seek actual, statutory, and punitive damages in addition to equitable relief. Plaintiff is currently only seeking equitable relief under this cause of action at this time.

57. Plaintiff reserves the right to amend this complaint to seek further damages, including monetary damages, should Defendants not take timely and appropriate corrective action.

## SECOND CAUSE OF ACTION FOR
## VIOLATIONS OF CALIFORNIA'S FALSE ADVERTISING LAW
## ("FAL") BUS. & PROF. CODE §§ 17500, ET SEQ.

58. Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

59. Plaintiff and Defendants are both "person[s]" as defined by

-12-

COMPLAINT FOR DAMAGES

Hariri Law Group
402 West Broadway, Floor 22
San Diego, CA 92101

California Business & Professions Code § 17506.

60.   California Business & Professions Code § 17535 authorizes a private right of action on both an individual and representative basis.

61.   Defendants hold its Products out as the latest version of 2nd Generation Apple AirPods, which include a wireless charging case and are capable of wireless charging, even though the product is in actuality an older version of these AirPods, which require wired charging.

62.   These misrepresentations, acts, and non-disclosures by Defendants constitute false and misleading advertising in violation of Business & Professions Code §§ 17500, et seq.

63.   At all times relevant, Defendants' advertising and promotion of the Product were, and are, untrue, misleading, and likely to deceive the reasonable consumer and the public. In fact, Defendants did deceive Plaintiff and the putative Class members that the product they were selling was not 2nd Generation Apple AirPods, capable of wireless charging.

64.   Defendants engaged in the false and/or misleading advertising and marketing of the Product, as alleged herein, with the intent to directly or indirectly induce consumers to purchase the Product, which Defendants knew, or had reason to know, did not prevent disease or reduce illness.

65.   Because Defendants knew or should have known that the representations and/or omissions alleged herein were untrue or misleading, Defendants acted in violation of California Business & Professions Code §§ 17500, et seq.

66.   Had Defendants truthfully advertised that its Product was not the latest version of the 2nd Generation Apple AirPods, capable of wireless charging, Plaintiff and the putative Class members would not have purchased the Product or would have purchased a different product from another manufacturer.

67.   This false and misleading advertising of the Product by Defendants

Hariri Law Group
402 West Broadway, Floor 22
San Diego, CA 92101

present a continuing threat to consumers, as such conduct is ongoing to this day.

68.    As a direct and proximate result of the aforementioned acts and omissions by Defendants, Defendants received and continue to hold monies rightfully belonging to Plaintiff and the putative Class members, who were led to purchase Defendants' Product during the Class Period.

## THIRD CAUSE OF ACTION FOR

## VIOLATIONS OF CALIFORNIA'S UNFAIR COMPETITION LAW ("UCL") BUS. & PROF. CODE §§ 17200, ET SEQ.

69.    Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

70.    Plaintiff and Defendants are each a "person" as defined by California Business Professions Code § 17201. California Business & Professions Code § 17204 authorizes a private right of action on both an individual and representative basis.

71.    "Unfair competition" is defined by Business and Professions Code § 17200 as encompassing several types of business "wrongs," including: (1) an "unlawful" business act or practice, (2) an "unfair" business act or practice, (3) a "fraudulent" business act or practice, and (4) "unfair, deceptive, untrue or misleading advertising." The definitions in § 17200 are drafted in the disjunctive, meaning that each of these "wrongs" operates independently from the others.

72.    By and through Defendants' conduct alleged in further detail above and herein, Defendants engaged in conduct which constitutes unlawful, unfair, and/or fraudulent business practices, and unfair, deceptive, untrue or misleading advertising, as prohibited by California's UCL.

### A. "UNLAWFUL" PRONG

73.    Beginning at a date currently unknown and continuing to the time of the filing of this Complaint, Defendants have committed acts of unfair competition, including those described above, by engaging in a pattern of

Hariri Law Group
402 West Broadway, Floor 22
San Diego, CA 92101

"unlawful" business practices, within the meaning of Bus. & Prof. Code §§ 17200 et seq., by marketing, manufacturing, and distributing Defendants' Product in violation of California's Consumers Legal Remedies Act, Civil Code § 1759, et seq. and California's False Advertising Law, Business & Professions Code §§ 17500, et seq., as well as other Federal regulations.

74.    Defendants violated the above-referenced statutes by falsely representing that its Product was the latest version of the 2nd Generation Apple AirPods, which include a wireless charging case and are capable of wireless charging.

75.    By advertising, promoting, manufacturing, and selling its Product in violation of those California laws, Defendants engaged in a pattern of "unlawful" business practices within the meaning of California's UCL.

## B. "UNFAIR" PRONG

76.    Beginning at a date currently unknown and continuing to the time of the filing of this Complaint, Defendants have committed acts of unfair competition as prohibited by Bus. & Prof. Code §§ 17200, et seq.

77.    Had Plaintiff and the putative class members been informed that Defendants' Product was not the latest version of the 2nd Generation Apple AirPods, which include a wireless charging case and are capable of wireless charging, they would not have purchased the Product or would have purchased a different product.  In other words, Defendants earned the business of Plaintiff and the putative Class members by using deceptive advertising, which placed competitors at a disadvantage. Furthermore, Plaintiff and the putative Class members were harmed in that they paid a price premium for the Product.

## C. "FRAUDULENT" PRONG

78.    Beginning at a date currently unknown and continuing to the time of the filing of this Complaint, Defendants engaged in acts of unfair competition, including those described above and herein, in violation of Bus. & Prof. Code §§

Hariri Law Group
402 West Broadway, Floor 22
San Diego, CA 92101

Hariri Law Group
402 West Broadway, Floor 22
San Diego, CA 92101

17200, et seq., by engaging in a pattern of "fraudulent" business practices within the meaning of Bus. & Prof. Code §§ 17200, et seq., by falsely advertising its Product as 2nd Generation Apple AirPods, which include a wireless charging case and are capable of wireless charging, when in fact they were not.

79.    Plaintiff reserves the right to allege further conduct that constitutes other fraudulent business acts or practices.    Such conduct is ongoing and continues to this date.

### D.  "UNFAIR, DECEPTIVE, UNTRUE OR MISLEADING ADVERTISING" PRONG

80.    Defendants' advertising is unfair, deceptive, untrue, and/or misleading within the meaning of Bus. & Prof. Code §§ 17200, et seq., in that consumers are led to believe that Defendants' Product is the latest version of the 2nd Generation Apple AirPods, which include a wireless charging case and are capable of wireless charging, in fact, the Product was not.

81.    Plaintiff and other such reasonable consumers are likely to be, and were, deceived and misled by Defendants' advertising of its Products, as preventing disease and reducing illness.

82.    As a direct and proximate result of Defendants' unlawful, unfair, and fraudulent conduct described herein, Defendants received and continue to receive an unfair competitive advantage and unearned commercial benefits at the expense of its competitors and the public, who unwittingly provided money to Defendants based on Defendants' misleading representations.

83.    Plaintiff and the putative Class members suffered an injury in fact because Plaintiff's money was taken by Defendants as a result of Defendants' false representations as set forth on the Defendants' websites as mentioned herein.

84.    Such acts and omissions by Defendants are unlawful and/or unfair and/or fraudulent and constitute multiple violations of California's UCL.  Plaintiff reserves the right to identify additional violations by Defendants as may be

established through discovery.

85.    In prosecuting this action for the enforcement of important rights affecting the public interest, Plaintiff seeks the recovery of attorneys' fees, which reward is available to a prevailing plaintiff in a class action such as this.

## FOURTH CAUSE OF ACTION FOR
## NEGLIGENT MISREPRESENTATION

86.    Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

87.    Beginning at a date currently unknown and continuing to the time of the filing of this Complaint, Defendants represent to Plaintiff and others similarly situated, through their website, that the Product they were selling was the latest version of 2nd Generation Apple AirPods, which include a wireless charging case and are capable of wireless charging, when in fact, the Product was not.

88.    Defendants made these representations knowing, or having reason to know, that the Product was not a true latest version of the 2nd Generation Apple AirPods, which include a wireless charging case and are capable of wireless charging.

89.    Defendants acted with the intent to induce the public, including Plaintiff and putative Class members, to purchase Defendants' Product.

90.    Plaintiff and the Class members saw, believed, and relied upon Defendants' representations in making the decision to purchase the Product.

91.    At all times relevant, Defendants knew or should have known that such representations were untrue, and Defendants had no reasonable basis for believing the representations to be true.

92.    As a proximate result of Defendants' negligent misrepresentations, Plaintiff and other consumers similarly situated were induced to purchase, purchase more of, or pay more for Defendants' Products due to the unlawful acts of Defendants, in an amount to be determined at trial, during the Class Period.

Hariri Law Group
402 West Broadway, Floor 22
San Diego, CA 92101

**PRAYER FOR RELIEF**

WHEREFORE, the Representative Plaintiff, on behalf of himself and all persons and consumers similarly situated, pray for judgment against Defendants as follows:

1.     That an order certifying the Class defined herein be entered designating Plaintiff and his counsel as representatives of said Class;

2.     For a preliminary injunction enjoining Defendants, its successors and assigns and all others, known and unknown, from continuing to deceive consumers in the manner set forth in this complaint;

3.     For permanent injunctive relief against Defendants under the CLRA and UCL;

4.     An order requiring Defendants to make corrective disclosures;

5.     That Defendants be ordered to make restitution to each plaintiff and each member of the Plaintiff Class under each cause of action in an amount according to proof at trial;

6.     A judgment awarding Plaintiff and the Class compensatory, exemplary, and punitive damages;

7.     For other equitable relief;

8.     For attorney's fees as provided by law;

9.     For prejudgment interest as provided by law;

10.    For costs of suit;

11.    For such other and further relief as this Court deems to be just and equitable.

Respectfully submitted,

Dated: April 1, 2020

HARIRI LAW GROUP
KHASHAYAR LAW GROUP

By: _____

Ramin R. Hariri
Daryoosh Khashayar
Attorney for Plaintiffs

-18-

Hariri Law Group
402 West Broadway, Floor 22
San Diego, CA 92101

1

## **DEMAND FOR JURY TRIAL**

2

3

Plaintiff hereby demands a trial by jury in the above-entitled action.

4

5

6                                                    Respectfully submitted,

7

8    Dated: April 1, 2020                            HARIRI LAW GROUP
                                                     KHASHAYAR LAW GROUP
9

10

11                                                   By: _____
                                                         Ramin R. Hariri
12                                                       Daryoosh Khashayar
                                                         Attorney for Plaintiffs

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-19-
COMPLAINT FOR DAMAGES

Hariri Law Group
402 West Broadway, Floor 22
San Diego, CA 92101