1  AARON J. MOSS (SBN 190625)
   AMoss@ggfirm.com
2  GREENBERG GLUSKER FIELDS CLAMAN &
   MACHTINGER LLP
3  2049 Century Park East, Suite 2600
   Los Angeles, California 90067-4590
4  Telephone: 310.553.3610
   Fax: 310.553.0687
5
   Attorneys for Defendant
6  Costco Wholesale Corporation

7

8              UNITED STATES DISTRICT COURT

9            SOUTHERN DISTRICT OF CALIFORNIA

10

11 JASON THOMAS, Individually and       Case No. 20-CV-0718-MFW-JPR
   On Behalf of All Others Similarly
12 Situated,                            *Assigned To: Hon. Larry A. Burns*

13            Plaintiff,                **COSTCO'S MEMORANDUM OF
                                        POINTS AND AUTHORITIES IN
14    v.                                SUPPORT OF MOTION TO
                                        DISMISS PURSUANT TO FRCP
15 COSTCO WHOLESALE                     12(b)(6), OR IN THE
   CORPORATION; DOES 1-10,              ALTERNATIVE, TO STRIKE
16 inclusive,                           PURSUANT TO FRCP 12(f)**

17            Defendants.               Notice of Motion and Motion to
                                        Dismiss; Request for Judicial Notice;
18                                      Declaration of Aaron J. Moss and
                                        [Proposed] Order filed Concurrently
19                                      Herewith

20                                      **ORAL ARGUMENT REQUESTED**

21                                      Date:   June 29, 2020
                                        Time:   11:15 A.M.
22                                      Place:  Courtroom 14A

23
                                        Action filed on April 15, 2020
24

25

26

27

28

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ...................................................................................... 1

II. BACKGROUND ...................................................................................... 3

III. LEGAL STANDARDS AND STANDARDS FOR JUDICIAL
NOTICE ...................................................................................................... 5

IV. ARGUMENT ........................................................................................... 7

    A.    Plaintiff's Claims are all Governed by a "Reasonable
        Consumer" Standard ................................................................... 7

    B.    Costco's Product Listing was Not "False" or "Misleading" as a
        Matter of Law ............................................................................. 9

    C.    Costco Cannot be Liable Under an "Omission" Theory .................... 12

    D.    Plaintiff Cannot State a Claim for Negligent Misrepresentation ........ 14

    E.    In the Alternative, the Court Should Strike All Nationwide Class
        Allegations Under Rule 12(f) ....................................................... 15

    F.    Leave to Amend Would be Futile ................................................ 17

V. CONCLUSION ...................................................................................... 18

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

# TABLE OF AUTHORITIES

**Page**

CASES

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009) ..................................................................... 6

*Branch v. Tunnell,*
14 F.3d 449 (9th Cir. 1994) ......................................................... 6

*Castaneda v. Fila USA, Inc.,*
2011 WL 7719013 (S.D. Cal. Aug. 10, 2011) ............................ 7

*Clark v. Group Hosp. and Med. Servs., Inc.,*
2010 WL 5093629 (S.D. Cal. Dec. 7, 2010) .............................. 7

*Consumer Advocates v. Echostar Satellite Corp.,*
113 Cal. App. 4th 1351 (2003) ................................................... 8

*Daniels-Hall v. Nat'l Educ. Ass'n,*
629 F.3d 992 (9th Cir. 2010) ...................................................... 7

*Daugherty v. American Honda Motor Co.,*
144 Cal. App. 4th 824 (2006) ............................................... 12, 13

*Drum v. San Fernando Valley Bar Ass'n,*
182 Cal. App. 4th 247 (2010) .................................................. 8, 9

*Ford v. Hotwire, Inc.,*
2007 WL 6235779 (S.D. Cal. Nov. 19, 2007) ............................ 8

*Gaines v. Gen. Motors, LLC,*
2020 WL 1275652 (S.D. Cal. Mar. 17, 2020) ........................... 13

*Girard v. Toyota Motor Sales, U.S.A., Inc.,*
316 Fed. Appx. 561 (9th Cir. 2008) .......................................... 14

*Hadley v. Kellogg Sales Co.,*
243 F. Supp. 3d 1074 (N.D. Cal. 2017) ...................................... 8

*Ham v. Hain Celestial Grp., Inc.,*
70 F. Supp. 3d 1188 (N.D. Cal. 2014) ...................................... 14

*In re Sony Grand Wega KDF-E A10/A20 Series Rear Projection
HDTV Television Litig.,*
758 F. Supp. 2d 1077 (S.D. Cal. 2010) ..................................... 13

*In re Vizio, Inc., Consumer Privacy Litig.,*
238 F. Supp. 3d 1204 (C.D. Cal. 2017) ..................................... 14

*Jackson v. Gen. Mills, Inc.,*
2019 WL 4599845 (S.D. Cal. Sept. 23, 2019) ...................... 15, 16

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

COSTCO'S POINTS AND AUTHORITIES IN
SUPPORT OF MOTION TO DISMISS

*Khoja v. Orexigen Therapeutics, Inc.,*
    899 F.3d 988 (9th Cir. 2018) ........................................................ 6, 7

*Kim v. Shellpoint Partners, LLC,*
    2016 WL 1241541 (S.D. Cal. Mar. 30, 2016) .............................. 16

*Lavie v. Procter & Gamble Co.,*
    105 Cal. App. 4th 496 (2003) ...................................................... 12

*Loomis v. Slendertone Distribution, Inc.,*
    420 F. Supp. 3d 1046 (S.D. Cal. 2019) ........................................ 7

*Manzarek v. St. Paul Fire & Marine Ins. Co.,*
    519 F.3d 1025 (9th Cir. 2008) ...................................................... 6

*Mazza v. Am. Honda Motor Co.,*
    666 F.3d 581 (9th Cir. 2012) ...................................................... 16

*McKinnis v. Kellogg USA,*
    2007 WL 4766060 (C.D. Cal. Sept. 19, 2007) .................... 11, 13, 14

*McKinnis v. Sunny Delight Beverage, Co.,*
    2007 WL 4766525 (C.D. Cal. Sept. 4, 2007) ........................ 9, 13

*Miller v. Rykoff-Sexton, Inc.,*
    845 F.2d 209 (9th Cir. 1988) ...................................................... 17

*Mueller v. San Diego Entm't Partners, LLC,*
    260 F. Supp. 3d 1283 (S.D. Cal. 2017) ...................................... 14

*Nowrouzi v. Maker's Mark Distillery, Inc.,*
    2015 WL 4523551 (S.D. Cal. July 27, 2015) ............................ 15

*Romero v. Flowers Bakeries, LLC,*
    2016 WL 469370 (N.D. Cal. Feb. 8, 2016) .......................... 11, 13

*Rooney v. Cumberland Packing Corp.,*
    2012 WL 1512106 (S.D. Cal. April 16, 2012) ............................ 11

*Rubenstein v. The Gap, Inc.,*
    14 Cal. App. 5th 870 (2017) ...................................................... 13

*Sprewell v. Golden State Warriors,*
    266 F.3d 979 (9th Cir. 2001) ........................................................ 6

*Swartz v. KPMG LLP,*
    476 F.3d 756 (9th Cir. 2007) ........................................................ 6

*Tietsworth v. Sears,*
    720 F. Supp. 2d 1123 (N.D. Cal. 2010) ...................................... 16

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

Page

*U S. ex rel. Lee v. SmithKline Beecham, Inc.,*
   245 F.3d 1048 (9th Cir. 2001) ............................................................... 17

*Von Saher v. Norton Simon Museum of Art at Pasadena,*
   592 F.3d 954 (9th Cir. 2010) ................................................................... 7

*Welk v. Beam Suntory Import Co.,*
   124 F. Supp. 3d 1039 (S.D. Cal. 2015) ........................................... 12, 15

*Williams v. Gerber Products Co.,*
   552 F.3d 934 (9th Cir. 2008) ................................................................. 12

*Wilson v. Frito-Lay North America, Inc.,*
   961 F. Supp. 2d 1134 (N.D. Cal. 2013) ........................................... 16, 17

*Wilson v. Hewlett–Packard Co.,*
   668 F.3d 1136 (9th Cir. 2012) ............................................................... 13

**STATUTES**

28 U.S.C. § 1332(d)(2) ................................................................................ 16

Cal. Bus. & Prof. Code § 17200, *et seq.* .................................................. 1, 8

Cal. Bus. & Prof. Code § 17500, *et seq* .................................................... 1, 7

Cal. Civ. Code § 1750, *et seq* .................................................................... 1, 8

Federal Rule of Civil Procedure 12(b)(6) ............................................. 1, 5, 6

Federal Rule of Civil Procedure 12(f) ...................................................... 7, 15

Federal Rule of Evidence Rule 201 ............................................................ 6, 7

Southern District CA Civ. L.R. 23.1(b) ......................................................... 1

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   INTRODUCTION

Defendant Costco Wholesale Corporation ("Costco") moves to dismiss Plaintiff Jason Thomas' ("Plaintiff's") complaint (Dkt. 1, "Complaint") for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).[1]  The motion should be granted because it is evident that Costco made no false or misleading statements about the product purchased by Plaintiff.

Plaintiff alleges that he purchased a pair of Second Generation AirPods— Apple's wireless earbud product[2]—from Costco's website, believing that he was purchasing a product that also came with a "wireless charging case" (a case that could be charged wirelessly when placed on a charging mat).  Plaintiff alleges that he instead received a different version of the AirPods product that included a case which could only be charged using an Apple Lightning cable.

On this basis, Plaintiff alleges claims for violations of: 1) California's False Advertising Law (Cal. Bus. & Prof. Code § 17500, *et seq*.) ("FAL"); 2) California's Unfair Competition Law (Cal. Bus. & Prof. Code § 17200, *et seq*.) ("UCL"); 3) California's Consumer Legal Remedies Act (Cal. Civil Code § 1750, *et seq*.) ("CLRA") and 4) a common law claim for Negligent Misrepresentation.

To be actionable, the statements in Costco's product listing must be likely to deceive a reasonable consumer.  As demonstrated below, no ordinary consumer acting reasonably under the circumstances would be misled in the manner alleged

---

[1] Plaintiff's Complaint is brought on behalf of Plaintiff as well as a putative class of "all others similarly situated." Complaint, ¶25.  Plaintiff does not specifically identify the particular class of individuals he contends are "similarly situated." *See* Civ. L.R. 23.1(b). *See* pp. 15-17, *infra*.

[2] Apple's AirPods are wireless in-ear headphones that connect to smartphones and other audio devices via Bluetooth technology, as opposed to traditional wires or cables. *See* Complaint, Exh. A.  The earbuds receive power when placed inside a small charging case included with the product. *Id.* As discussed below, Apple's charging case comes in two versions, one which can be charged using Apple's standard "Lightning cable," and the other which can be charged "wirelessly" by placing it on a compatible "charging mat." *Id.* and Request for Judicial Notice, Exhs. 1-3.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

by Plaintiff. This is because nowhere in Costco's product listing did Costco state or imply that the AirPods product it was selling came with a wireless charging case. Moreover, contrary to Plaintiff's assertion that the original manufacturer Apple sold the product with a wireless charging case, the documents referenced in Plaintiff's Complaint and subject to judicial notice clearly demonstrate that Apple itself sells two *different* versions of its latest model AirPods. One version includes a "Wireless Charging Case." The other version includes what Apple simply calls a "Charging Case." It is this latter, standard version that was advertised by Costco and purchased by Plaintiff here. Indeed, Costco identified the case in precisely the same manner as Apple does on its own website.

Costco's AirPods product listing was not false or misleading. No reasonable consumer could reasonably expect that a wireless charging case was in fact included with the product when none was referenced anywhere in the product listing. Plaintiff asserts that Costco's product listing is nevertheless actionable because it omitted the fact that the included case was not capable of wireless charging. As a matter of law, however, Costco was not required to affirmatively disclose that the product it was selling was not, in fact, a *different* product that it was *not* selling. Because Plaintiff's core allegations are not plausible (and are contradicted by Plaintiff's exhibits and related documents), he cannot prove any set of facts that would give rise to valid claims for relief. Therefore, Costco's motion should be granted in its entirety and this action should be dismissed with prejudice and without leave to amend. Alternatively, the Complaint should be stricken to the extent it purports to include non-California residents who incurred no injury in California.

/ / /

/ / /

/ / /

## II. **BACKGROUND**

Plaintiff alleges that he purchased Apple AirPods online through Costco's website on March 24, 2020. Complaint, ¶¶2, 26. He claims that, based on Costco's product listing, he was led to believe that "he was purchasing the latest version [of] Apple's '2nd Generation AirPods,' a product which is capable of wireless charging and includes a wireless charging case." Complaint, ¶27. Plaintiff asserts that the product he received was not the "latest version of the 2nd Generation Apple Airpods" but was instead an "unknown hybrid mix which did not include a wireless charging case for the earbuds, which is how the product is sold by the original manufacturer Apple, Inc." Complaint, ¶2 and Exhibit A. *See also* Complaint, ¶¶51, 61 (alleging that the AirPods sold by Costco were "not complete" and that they were an "older version" of the Apple product).

In connection with his allegations about "how the product is sold by the original manufacturer Apple, Inc" (Complaint, ¶2), Plaintiff's Complaint attaches several pages from Apple's website describing its current model Second Generation Apple AirPods. Complaint, Exhibit A. However, as web pages referenced in this exhibit but *omitted* by Plaintiff (and which are subject to judicial notice) clearly demonstrate, Apple offers its latest (i.e., Second Generation) AirPods in *two different versions*—one that includes a "Wireless Charging Case" (retailing for $199) and the other that includes what Apple calls simply a "Charging Case" (retailing for $159):

/ / /

/ / /

/ / /

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067





| | |
|---|---|
| **AirPods** | **AirPods** |
| with <mark>Wireless Charging Case</mark> | with <mark>Charging Case</mark> |
| $199.00 | $159.00 |
|  |  |
| | |
| Universal fit | Universal fit |
| – | – |
| – | – |
| H1 chip | H1 chip |
| "Hey Siri" always on | "Hey Siri" always on |
| – | – |
| Up to 5 hours of listening time (on one charge)[4] | Up to 5 hours of listening time (on one charge)[4] |
| More than 24 hours of listening time (with Wireless Charging Case)[5] | More than 24 hours of listening time (with Charging Case)[5] |
| Wireless Charging Case | Standard Charging Case |
| Free personalized engraving | Free personalized engraving |

Declaration of Aaron J. Moss in Support of Request for Judicial Notice ("RJN"), Exh. 1.

Costco's product listing page, the document on which Plaintiff claims to have relied and which forms the entire basis of Plaintiff's claims, is attached as Exhibit B to Plaintiff's Complaint. Exhibit B identifies and describes the version of Apple's Second Generation wireless AirPods that includes Apple's standard "Charging Case" (at Costco's discounted price of $139 compared to $159 at retail). Costco's use of the word "wireless" clearly describes the headphones themselves. Costco's product listing does not represent that the charging case accompanying the product

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

may be charged wirelessly.  To the contrary, Costco's listing is for Apple's standard "Charging Case," the identical product name used by Apple on its own website.  The relevant portion of Costco's listing is reproduced below:



Home / Electronics / Audio/Video / Headphones

**Apple AirPods Wireless Headphones with Charging Case (2nd Generation)**

★★★★★ 4.7 (8630)

Item 1170991 | Model MV7N2AM/A

Your Price        $139.99

$10 OFF & Free Shipping

$10 savings is valid 3/11/20 through 3/25/20. While supplies last. Limit 5 per member. Terms & Conditions

Shipping & Handling: $0.00*

Features:
- Quick access to Siri by saying "Hey Siri" or setting up double-tap
- Designed by Apple
- Double-tap to play or skip forward
- Charges quickly in the case
- Seamless switching between devices

Complaint, Exh. B.

   In short, Apple sells two versions of its AirPods product—one which comes with a wireless charging case and one which comes with a standard (non-wireless) charging case.  Costco advertised the latter (and did so in the precise way Apple did on its own website).  If Plaintiff believed he was purchasing the former, this belief was not based on anything Costco stated in its website product listing, which forms the entire basis for Plaintiff's claim.

## III.   LEGAL STANDARDS AND STANDARDS FOR JUDICIAL NOTICE

   A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint.  *See* Fed. R. Civ. P. 12(b)(6).  To survive a motion

to dismiss, a complaint must allege sufficient facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009). While the court must accept well-pleaded facts as true, the court is not required to accept as true allegations that are "merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1008 (9th Cir. 2018). Nor should the Court accept as true allegations that are contradicted by documents referenced in the complaint. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

In ruling on a 12(b)(6) motion, a court generally cannot consider material outside of the pleadings. *See Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994). It is well-settled, however, that a court may consider exhibits submitted with the complaint. *See Id*. at 453-54. Also, a court may consider documents that are not physically attached to the complaint but "whose contents are alleged in [the] complaint and whose authenticity no party questions." *Id*. at 454. As the Ninth Circuit has explained, "in order to prevent plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting documents upon which their claims are based, a court may consider a writing referenced in a complaint but not explicitly incorporated therein if the complaint relies on the document and its authenticity is unquestioned." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). This rule also "prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Khoja*, 899 F.3d at 1002.

Likewise, the Court should not "accept as true allegations that contradict matters properly subject to judicial notice" under Rule 201 of the Federal Rules of Evidence. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "Judicial notice under Rule 201 permits a court to notice an adjudicative fact if it is 'not subject to reasonable dispute.' A fact is 'not subject to reasonable dispute' if it is 'generally known,' or 'can be accurately and readily determined from sources

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

1   whose accuracy cannot reasonably be questioned.'" *Khoja*, 899 F.3d at 999

2   (*quoting* Fed. R. Evid. 201(b)(1)-(2)).  Documents typically subject to judicial

3   notice include the content of publicly accessible websites, *Daniels-Hall v. Nat'l*

4   *Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010), as well as other publicly-available

5   documents that show what information is "in the public realm." *Von Saher v.*

6   *Norton Simon Museum of Art at Pasadena,* 592 F.3d 954, 960 (9th Cir. 2010).  *See*

7   *Loomis v. Slendertone Distribution, Inc.*, 420 F. Supp. 3d 1046, 1062–63 (S.D. Cal.

8   2019) (taking judicial notice of advertisements and product listings on publicly

9   available websites).

10      Based on these standards, and in accordance with its concurrently-filed

11  Request for Judicial Notice, Costco respectfully requests that the Court consider

12  both the documents specifically attached to Plaintiff's Complaint (i.e., Exhibit A,

13  which is the "Overview" section from Apple's web page on Second Generation

14  AirPods), as well as additional documents that are referenced in the exhibits

15  attached to Plaintiff's Complaint, but which Plaintiff did not attach (i.e., Apple's

16  product listing pages for its Second Generation AirPods).  *See* RJN, Exhs. 1-3.

17      A court may also strike nationwide class allegations at the pleading stage

18  under Fed. R. Civ. P. 12(f) if they are unsustainable on the face of the complaint.

19  *Castaneda v. Fila USA, Inc.*, 2011 WL 7719013, at *2 (S.D. Cal. Aug. 10, 2011)

20  (granting in part motion to strike nationwide class allegation after finding class

21  definition "overly broad"); *Clark v. Group Hosp. and Med. Servs., Inc.*, 2010 WL

22  5093629, at *8 (S.D. Cal. Dec. 7, 2010) (striking nationwide class allegations based

23  on UCL claims to exclude non-California residents).

24  **IV.   ARGUMENT**

25      **A.    Plaintiff's Claims are all Governed by a "Reasonable Consumer"**

26          **Standard**

27      California's FAL prohibits any "unfair, deceptive, untrue or misleading

28  advertising." Cal. Bus. & Prof. Code § 17500.  California's CLRA prohibits "unfair

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

methods of competition and unfair or deceptive acts or practices." Cal. Civ. Code § 1770(a). California's UCL prohibits "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. Under the FAL, CLRA, and the "fraudulent" conduct prong of the UCL, an allegedly misleading statement is only actionable if it is likely to deceive a reasonable consumer. Because the same standard for fraudulent activity governs all three statutes, courts often analyze the three statutes together. *Consumer Advocates v. Echostar Satellite Corp.*, 113 Cal. App. 4th 1351, 1360 (2003) (analyzing claims under the UCL, FAL and CLRA together); *Hadley v. Kellogg Sales Co.*, 243 F. Supp. 3d 1074, 1089 (N.D. Cal. 2017) (same).

In addition to fraudulent conduct that is likely to deceive, the UCL also makes actionable "unlawful" and "unfair" conduct. Cal. Bus. & Prof. Code §17200. The "unlawful" conduct prong of the UCL "borrows violations of other laws and treats these violations, when committed pursuant to business activity, as unlawful practices independently actionable under section 17200, *et seq.*" *Ford v. Hotwire, Inc.*, 2007 WL 6235779, at *4 (S.D. Cal. Nov. 19, 2007), *quoting Farmers Ins. Exch. v. Sup. Court*, 2 Cal. 4th 377, 383 (1992). Accordingly, where, as here, the predicate unlawful act is a violation of the FAL and/or CLRA, the alleged violation of the "unlawful" prong of the UCL rises or falls with these claims. *See id.* (dismissing UCL claim under "fraudulent" and "unlawful" prongs when no actionable FAL or CLRA violation).

The third and final prong of the UCL makes actionable "unfair" business practices. Cal. Bus. & Prof. Code § 17200. In consumer cases, the California Supreme Court has not established a definitive test to determine whether a business practice is unfair. *See Drum v. San Fernando Valley Bar Ass'n*, 182 Cal. App. 4th 247, 256-57 (2010). A split of authority has developed among the Courts of Appeal, which have applied three different tests for unfairness in consumer cases. *Id.* The most liberal test defines "unfair" business conduct as conduct that is

"immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." *Id*. Here, the alleged conduct that Plaintiff characterizes as violating the "unfair" prong of the UCL is rooted in Costco's purported use of "deceptive advertising" (Complaint, ¶77) and therefore the entire UCL claim rises and falls with his fraud claims. In any event, because there is nothing unlawful or fraudulent about accurately describing a product and calling it by its actual name, Costco's product listing cannot be considered immoral, unethical or unscrupulous, even if the most liberal test of "unfairness" were to apply.

In short, to state a claim under either the FAL, CLRA, or UCL, Plaintiff must allege that "statements or other representations appearing on Defendant's product labels are likely to deceive a reasonable consumer." *McKinnis v. Sunny Delight Beverage, Co.*, 2007 WL 4766525, *3 (C.D. Cal. Sept. 4, 2007).

## B.  Costco's Product Listing was Not "False" or "Misleading" as a Matter of Law

Plaintiff repeatedly alleges that the product listing on Costco's website was "false and misleading" (e.g., Complaint, ¶¶4, 20, 28, 33), but does not and cannot point to any statements in the listing that were in fact false or misleading. Indeed, Plaintiff's Complaint is exceedingly vague and fails to quote the precise language used on Costco's website. It is important to note that the only source of alleged false or misleading statements by Costco are the statements contained on the product listing page attached as Exhibit B to the Complaint. But even a cursory review of that document readily reveals that it contains no statements that are false or misleading. Costco truthfully represented that the AirPods it was selling were Apple's "2nd Generation" wireless headphones and that they included a "Charging Case." The word "wireless" in Costco's product listing can only be reasonably interpreted to refer to the headphones themselves and not the accompanying charging case. Complaint, Exh. B. Plaintiff does not allege that the AirPods he ordered from Costco did not come with a charging case at all. Instead, he

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

1  complains that they did not come with a charging case that "was capable of wireless

2  charging." Complaint, ¶53. But nowhere in the product listing did Costco ever

3  represent or suggest that the product included a charging case that was capable of

4  wireless charging.[3]

5       Not only was Costco's representation entirely truthful, its product listing

6  identified the charging case precisely as Apple itself identified that component on

7  its own website. RJN, Exh. 3. In this regard, Apple lists two different versions of

8  its "Second Generation" AirPods on its site. Both feature wireless earbuds, but one

9  comes with a "Wireless Charging Case" (with the bundle retailing for $199) and the

10 other comes with what Apple simply calls a "Charging Case" (retailing for $159).

11 RJN, Exh. 1. According to Apple's website, the difference between the products is

12 that the version that comes with the "Charging Case" can be "charged with a

13 Lightning Connector" while the version that comes with the "Wireless Charging

14 Case" can be "charged either wirelessly using a Qi-compatible charging mat or with

15 the Lightning connector." Compare RJN, Exh. 2 with RJN, Exh. 3. The Wireless

16 Charging Case also features an "LED indicator on the front of the case" which "lets

17 you know that your AirPods are charging." RJN, Exh. 2. Costco truthfully

18 advertised and referred in its product listing to the version of the AirPods with the

19 standard "Charging Case" and the photograph of the product in its listing did not

20 depict an LED indicator. Complaint, Exh. B. Costco only sold the standard version

21 of the Apple product and never suggested otherwise. To the extent Plaintiff

22 believed the product he purchased contained a wireless charging case, this belief

23 demonstrably was not based on anything stated or implied by Costco.

---

[3] It is not entirely clear what Plaintiff means when he alleges that the case is not "capable of wireless charging." According to the product listings on Apple's website, once charged initially, *both* the "Charging Case" and the "Wireless Charging Case" hold "multiple charges" and can provide the earbuds with an additional "quick charge," in which "15 minutes in the case gives you 3 hours of listening time." RJN, Exhs. 2, 3. In any event, regardless of whether Apple's standard Charging Case is, once charged, capable of charging the earbuds wirelessly, Costco made no representations to this effect.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

Plaintiff contends that Costco's listing was "misleading" because it was likely to deceive consumers into thinking that the AirPods came with a "Wireless Charging Case" as opposed to just a "Charging Case." However, Plaintiff does not, and cannot, identify any reasonable basis for his apparent "expectation" that a product advertised as including an Apple "Charging Case" would instead include a "Wireless Charging Case"—especially when Apple itself uses those precise names to differentiate its two different products.

Courts have routinely dismissed false and misleading advertising claims at the pleading stage where, as here, a plaintiff's proffered construction of an advertisement is unreasonable. *See Werbel ex rel. v. Pepsico, Inc.*, 2010 WL 2673860, at *3 (N.D. Cal. July 2, 2010) ("[W]here a court can conclude as a matter of law that members of the public are not likely to be deceived by the product packaging, dismissal is appropriate."). For example, in *Rooney v. Cumberland Packing Corp.*, 2012 WL 1512106 (S.D. Cal. April 16, 2012), the plaintiff alleged that the defendant misleadingly promoted its "Sugar in the Raw" product as "nothing other than raw, unprocessed and unrefined sugar." *Id.* at *1. The court rejected these assertions as a matter of law because, *inter alia*, "[n]owhere on the box do the words 'unprocessed' or 'unrefined' appear." *Id.* at *4. The court also noted that the plaintiff's inference that raw sugar is unprocessed and unrefined was unreasonable, because it was not supported by the packaging of Sugar in the Raw, the marketing of the product, or industry standards. *Id.* Similarly, in *Romero v. Flowers Bakeries, LLC*, 2016 WL 469370, at *7 (N.D. Cal. Feb. 8, 2016), the court dismissed a claim asserting that consumers would be misled into believing that defendant's bread product contained "whole wheat" when the words "whole wheat" did not in fact appear anywhere on the packaging. *Id.* The court rejected plaintiff's inference that the package's reference to "wheat" would convey "whole wheat" to the reasonable consumer. *Id.* *See also McKinnis v. Kellogg USA*, 2007 WL 4766060, *4 (C.D. Cal. Sept. 19, 2007) (dismissing without leave to amend claims

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

under UCL, FAL and CLRA based on allegations that consumers were misled into believing that "Froot Loops" cereal contained "actual fruit"); *Welk v. Beam Suntory Import Co.*, 124 F. Supp. 3d 1039, 1044 (S.D. Cal. 2015) (Burns, J.) ("A reasonable consumer wouldn't interpret the word 'handcrafted' on a bourbon bottle to mean that the product is literally 'created by a hand process rather than by a machine.'").

Plaintiff's claims under the FAL, CLRA and UCL are governed by the "reasonable consumer" test. *Williams v. Gerber Products Co.*, 552 F.3d 934, 938 (9th Cir. 2008) (internal citation omitted). Allegedly misleading advertising "is judged by the effect it would have on a reasonable consumer." *Lavie v. Procter & Gamble Co.*, 105 Cal. App. 4th 496, 506-07 (2003). "'Likely to deceive' implies more than a mere possibility that the advertisement might conceivably be misunderstood by some few consumers viewing it in an unreasonable manner. Rather, the phrase indicates that the ad is such that it is probable that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled." *Lavie*, 105 Cal. App. 4th at 508. Here, no reasonable consumer would conclude from a product listing identifying a "Charging Case" that the product included a "Wireless Charging Case," which is an entirely different Apple product.

### C. Costco Cannot be Liable Under an "Omission" Theory

Perhaps recognizing that there is nothing false or misleading about Costco's product listing, Plaintiff faults Costco for not affirmatively disclosing that the AirPods product it sold did not come with wireless charging case. However, there was simply no obligation for Costco to do so. As the court recognized in *Daugherty v. American Honda Motor Co.*, 144 Cal. App. 4th 824, 835 (2006), the failure to disclose a fact that one has no affirmative duty to disclose is not "likely to deceive" anyone.

Under California law, an allegedly fraudulent omission is actionable only if the omission is "contrary to a representation actually made by the defendant, or an

12

omission of a fact the defendant was obliged to disclose." *Daugherty*, 144 Cal. App. 4th at 835. *See also Rubenstein v. The Gap, Inc.*, 14 Cal. App. 5th 870, 881 (2017). "California courts have generally rejected a broad obligation to disclose." *Wilson v. Hewlett–Packard Co.*, 668 F.3d 1136, 1141 (9th Cir. 2012). In *Wilson*, the Ninth Circuit held that, absent affirmative misrepresentations, an obligation to disclose under California law extends only to matters of product safety. *Id.* at 1141-43 & n.1. As this Court itself recognized in *In re Sony Grand Wega KDF-E A10/A20 Series Rear Projection HDTV Television Litig.*, 758 F. Supp. 2d 1077, 1095 (S.D. Cal. 2010) (Burns, J.), "a manufacturer's duty to disclose under the CLRA is limited to safety-related issues." *See also Gaines v. Gen. Motors, LLC*, 2020 WL 1275652, at *5 (S.D. Cal. Mar. 17, 2020) (Burns, J.) (same).

Here, Plaintiff does not allege any cognizable basis to state a claim based on omission. There is no allegation of an omitted fact contrary to a representation actually made; the only "representation" alleged by Costco is that its AirPods came with a "Charging Case." Plaintiff's contention that the AirPods sold by Costco "were not complete and true 2nd Generation Apple AirPods with wireless charging" (Complaint, ¶51) is nonsensical and not legally cognizable because Apple itself sells Second Generation wireless AirPods in two different bundles, one with a "Wireless Charging Case" and one with a standard "Charging Case"—both of which are "complete and true" Second Generation AirPods earbuds according to Apple. RJN, Exhs. 1-3.

Costco did not have any affirmative obligation to include a disclaimer in its product listing to the effect of "this charging case is not the wireless version" any more than the defendants in *McKinnis* and *Romero* were required to specifically disclose that their cereal and enriched bread products did not contain "actual fruit" or "whole wheat," respectively. *McKinnis*, 2007 WL 4766060, at *4; *Romero*, 2016 WL 469370, at *7. Accordingly, Plaintiff's "omission" theory fails as a matter of law.

### D. Plaintiff Cannot State a Claim for Negligent Misrepresentation

Plaintiff's final claim, for negligent misrepresentation, fails for the same reasons. The elements of a negligent misrepresentation tort in California are: "(1) a misrepresentation of a past or existing material fact, (2) without reasonable grounds for believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) ignorance of the truth and justifiable reliance thereon by the party to whom the misrepresentation was directed, and (5) damages." *Mueller v. San Diego Entm't Partners, LLC*, 260 F. Supp. 3d 1283, 1296 (S.D. Cal. 2017), *citing Fox v. Pollack*, 181 Cal. App. 3d 954, 962 (1986).

Here, Plaintiff cannot establish the existence of any misrepresentation. As discussed above, Costco's product listing, which refers to a "Charging Case" included with Apple Second Generation AirPods, is not false, because it accurately describes the actual product manufactured and sold by Apple. *See McKinnis*, 2007 WL 4766060, at *5 ("Defendant's product labels indicate that fruit flavors are used as ingredients, which correspond precisely with the fruit depicted on the front panel of the box. As a result, there is no false information on which to base a claim of negligent misrepresentation."). To the extent Plaintiff's claim is based on the omission of a specific disclosure which caused him to believe that the charging case was "wireless," such an omission is not actionable. "Under California law, '[a] negligent misrepresentation claim requires a positive assertion, not merely an omission.'" *In re Vizio, Inc., Consumer Privacy Litig.*, 238 F. Supp. 3d 1204, 1230 (C.D. Cal. 2017), *citing Lopez v. Nissan N. Am., Inc.*, 201 Cal. App. 4th 572, 596 (2011).

Plaintiff also cannot establish justifiable reliance because, as shown above, no reasonable consumer would conclude from a product listing identifying a "Charging Case" that the product included a "Wireless Charging Case," which is an entirely different Apple product. *Ham v. Hain Celestial Grp., Inc.*, 70 F. Supp. 3d 1188, 1193 (N.D. Cal. 2014); *Girard v. Toyota Motor Sales, U.S.A., Inc.*, 316 Fed.

Appx. 561, 562 (9th Cir. 2008) (equating "justifiable reliance" element of negligent misrepresentation to the "reasonable consumer" standard).

Plaintiff's negligent misrepresentation claim should also be dismissed on the separate and independent ground that it is barred by the "economic loss doctrine." As this Court recognized in another false advertising case, *Welk*, 124 F. Supp. 3d at 1042-43, a claim for negligent misrepresentation requires that Plaintiff have suffered personal injury or property damage. Under the economic loss doctrine, false advertising claims based on negligence are not actionable where the plaintiff's only injury is economic loss. *Id.* Here, Plaintiff does not allege personal injury or property damage, only that he was induced to "purchase, purchase more of, or pay more for" the product as a result of Costco's advertisement. Complaint, ¶92. Courts have often held that the economic loss doctrine bars negligent misrepresentation claims based on economic injury in consumer class actions. *See, e.g.*, *Nowrouzi v. Maker's Mark Distillery, Inc.*, 2015 WL 4523551, at *7 (S.D. Cal. July 27, 2015) (granting motion to dismiss negligent misrepresentation claim based on allegations that defendant falsely characterized its whisky as "handmade" because this claim was barred by the economic loss doctrine); *Minkler v. Apple, Inc.*, 2014 WL 4100613, at *6 (N.D. Cal. Aug. 20, 2014) (negligent misrepresentation claim dismissed pursuant to the "economic loss" rule, where plaintiff alleged she would not have purchased Apple iPhone 5 had she known of an alleged Apple Maps defect). As Plaintiff has not and cannot establish the required injury to avoid the economic loss doctrine, his negligent misrepresentation claim should be dismissed as a matter of law.

## E. In the Alternative, the Court Should Strike All Nationwide Class Allegations Under Rule 12(f)

As this Court has previously recognized, a putative class action complaint may be stricken at the pleading stage to the extent it purports to seek relief, pursuant to California law, on behalf of non-California consumers. *Jackson v. Gen.*

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

*Mills, Inc.*, 2019 WL 4599845, at *4 (S.D. Cal. Sept. 23, 2019) (Burns, J.). A nationwide class is not proper where, as here, a plaintiff's claims arise solely under California's consumer protection laws. *Id.* (striking nationwide class allegations on the ground that California's UCL, CLRA and FAL do not have extraterritorial application). *See* Complaint, ¶45 (alleging that "members of the Class will continue to be misled, harmed, and denied their rights under *California law*") (emphasis added). *See Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 594-96 (9th Cir. 2012) (finding that "each class member's consumer protection claim should be governed by the consumer protection laws of the jurisdiction in which the transaction took place," thereby precluding a nationwide class).

Plaintiff's class action allegations are not the modicum of clarity. He purports to seek relief "on behalf of all others similarly situated" (Complaint, ¶¶ 1, 8, 36), without explaining who those individuals are, or where they reside. Nevertheless, other portions of the Complaint suggest that Plaintiff is seeking to represent a class of nationwide consumers, including Paragraph 7 (which references Costco's "nationwide sale and advertising" of the products at issue) and Paragraph 10's invocation of jurisdiction under the federal Class Action Fairness Act, 28 U.S.C. § 1332(d)(2).

To the extent Plaintiff does indeed purport to act on behalf of a nationwide class, such allegations should be stricken at the pleading stage. "If it is apparent at this stage that the ascertainability requirement for class certification will not be met, striking a class allegation is permitted." *Kim v. Shellpoint Partners, LLC*, 2016 WL 1241541, at *4 (S.D. Cal. Mar. 30, 2016) (Burns, J.). *See also Tietsworth v. Sears*, 720 F. Supp. 2d 1123, 1146 (N.D. Cal. 2010) (recognizing that court has the "authority to strike class allegations prior to discovery if the complaint demonstrates that a class action cannot be maintained"). For example, in *Wilson v. Frito-Lay North America, Inc.*, 961 F. Supp. 2d 1134, 1147-48 (N.D. Cal. 2013), the court rejected, at the pleading stage, plaintiffs' attempt to expand their case to

1   including a nationwide putative class of consumers where plaintiffs' only claims

2   were based on violations of California law.  The court held that "state statutes like

3   the UCL, FAL and CLRA presumptively do not apply to occurrences outside

4   California," and that the scope of the class could be limited on the pleadings, prior

5   to the class certification stage. *Id.* To the extent this Court does not dismiss the

6   Complaint it its entirety, it should, at the very least, limit it to California consumers.

7   **F.    Leave to Amend Would be Futile**

8   A court may deny leave to amend where amendment would be futile because

9   the plaintiff can prove no set of facts that would constitute a valid claim.  *See Miller*

10  *v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).  Futile amendments

11  should not be permitted, and futility can, by itself, justify the denial of a request for

12  leave to amend.  *U S. ex rel. Lee v. SmithKline Beecham, Inc.*, 245 F.3d 1048, 1052

13  (9th Cir. 2001).

14  Plaintiff's Complaint unequivocally demonstrates that he cannot prove any

15  set of facts that would constitute a valid claim.  His complaint is premised entirely

16  on the allegation that Costco's reference to Apple's "Charging Case" (the same

17  description used by Apple) is likely to deceive reasonable consumers into believing

18  that the product sold by Costco is actually a different Apple AirPods version that

19  comes with a "Wireless Charging Case."

20  Plaintiff has submitted the entirety of the alleged misrepresentation as an

21  exhibit to his Complaint. Complaint, Exh. B.  A review of the product listing on

22  Costco's website as well as the product listings on Apple's own website

23  immediately demonstrate that no reasonable consumer would have been justified in

24  believing that they were receiving a "Wireless Charging Case" from Costco.  No

25  allegation could show that reasonable consumers are likely to be misled when the

26  product has been described truthfully by its name.  Accordingly, leave to amend

27  would be futile.

28

1   **V.    <u>CONCLUSION</u>**

2          For all the foregoing reasons, Costco respectfully requests that the Court

3   grant this motion in its entirety without leave to amend and dismiss Plaintiff's

4   Complaint with prejudice.  In the alternative, the Court should strike the Complaint

5   to the extent it purports to allege a nationwide class.

6

7   DATED:  May 6, 2020                    GREENBERG GLUSKER FIELDS
                                           CLAMAN & MACHTINGER LLP
8

9                                     By: _____

10                                        AARON J. MOSS (SBN 190625)
                                          Attorneys for Defendant Costco
11                                        Wholesale Corporation

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

# CERTIFICATE OF SERVICE

I, Myra Gutierrez, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 2049 Century Park East, 26th Floor, Los Angeles, California 90067. On May 6, 2020, I served a copy of the within document(s):

**COSTCO'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT PURSUANT TO FRCP 12(b)(6), OR IN THE ALTERNATIVE, TO STRIKE PURSUANT TO FRCP 12(f)**

☐     by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, the United States mail at Los Angeles, California addressed as set forth below.

☒     by placing the documents in the CM/ECF system as electronic service to the person(s) set forth below.

Ramin R. Hariri
Hariri Law Group
402 West Broadway, Floor 22
San Diego, CA 92101
Tel: (619) 363-2889
ramin@haririlaw.com
*Attorneys for Plaintiff*

Daryoosh Khashayar
Taylor Marks
Khashayar Law Group
12636 High Bluff Drive, Suite 400
San Diego, CA 92130
Tel: (858) 509-1550
daryoosh@mysdlawyers.com
*Attorneys for Plaintiff*

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on May 6, 2020, at Los Angeles, California.

_____
Myra Gutierrez