**HARIRI LAW GROUP**
RAMIN R. HARIRI (SBN: 251625)
402 West Broadway, Suite 22
San Diego, CA 92101
Tel: (619) 363-2889
Fax: (619) 810-0791
Email: ramin@haririlaw.com

**KHASHAYAR LAW GROUP**
Daryoosh Khashayar, Esq. (SBN 236496)
Taylor Marks, Esq. (SBN 308381)
12636 High Bluff Drive, Suite 400,
San Diego, CA 92130
Tel.: (858) 509-1550   Fax: (858) 509-1551
Email: daryoosh@mysdlawyers.com

ATTORNEYS FOR PLAINTIFF

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON THOMAS, Individually and On Behalf of All Others Similarly Situated,<br><br>               Plaintiff,<br><br>vs.<br><br>COSTCO WHOLESALE CORPORATION; DOES 1-10, inclusive,<br><br>             Defendants. | CASE NO.: 20-cv-0718-LAB-BLM<br><br>*Hon. Larry A. Burns*<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6), OR, IN THE ALTERNATIVE, TO STRIKE PURSUANT TO FRCP 12(f)**<br><br>Date:  June 29, 2020<br>Time:  11:15 A.M.<br>Place:  Courtroom 14A<br><br>Action Filed on April 15, 2020 |

*Hariri Law Group*
*402 West Broadway, Floor 22*
*San Diego, CA 92101*

*Khashayar Law Group*
*12636 High Bluff Drive, Suite 400*
*San Diego, CA 92130*

i

# TABLE OF CONTENTS:

**Page:**

**I.  INTRODUCTION AND SUMMARY OF ARGUMENT**..............................1

**II.  RESPONSE TO DEFENDANT'S "BACKGROUND"**...............................2

**III  STANDARD OF REVIEW**...................................................7

**IV.  ARGUMENT AND AUTHORITY**.........................................9

    **A.  Plaintiff's Claims Are Indeed Governed by a "Reasonable Consumer" Standard, and Issue of Whether a Defendant's Advertising is Likely to Deceive a Reasonable Consumer is a Question of Fact**.........................................9

    **B.  Whether Costco's Product Listing is False or Misleading to a Reasonable Consumer Cannot be Determined as a Matter of Law at the Pleading Stage**.................................12

    **C.  Costco Was Obligated to Provide Material Information to Avoid Misleading Consumers as to Which AirPods Bundle It Offered**......18

    **D.  Plaintiff States a Claim for Negligent Misrepresentation**.................20

    **E.  Plaintiff Only Seeks Certification of a Nationwide Class for His Negligent Misrepresentation Cause of Action, and Striking Any Component of the Complaint Would be Premature**.................22

    **F.  If Any Part of Defendants' Motion is Granted, Plaintiff Should be Given Leave to Amend**........................................24

**V.  CONCLUSION**...........................................................25

Hariri Law Group
402 West Broadway, Floor 22
San Diego, CA 92101

Khashayar Law Group
12636 High Bluff Drive, Suite 400
San Diego, CA 92130

ii

Hariri Law Group
402 West Broadway, Floor 22
San Diego, CA 92101

Khashayar Law Group
12636 High Bluff Drive, Suite 400
San Diego, CA 92130

# TABLE OF AUTHORITIES

**Page:**

**Cases:**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)................................................................7

*Bell Atlantic v. Twombly*, 550 U.S. 544 (2007)....................................................7

*Brady v. Bayer Corp.*, 26 Cal. App. 5th 1156 (2018).....................................2, 14, 17

*Brenner v. Procter & Gamble Co.*,
      No. SACV 16-1093-JLS, 2016 WL 8192946
      (C. D. Cal. Oct. 20, 2016).........................................................9, 11, 13, 15

*Capaci v. Sports Research Corporation*,
      No. CV193440FMOFFMX,  2020 WL 1482313
      (C.D. Cal., Mar. 26, 2020).......................................................................22

*Castaneda v. Fila USA, Inc.*,
      No. 11-1033-H, 2011 WL 7719013 (S. D. Cal. Aug. 10, 2011)...................9

*Cedar Point Nursery v. Shiroma*, 923 F.3d 524 (9th Cir. 2019)............................7

*Champlaie v. BAC Home Loans Servicing, LP*,
      706 F. Supp. 2d 1029 (E.D. Cal. 2009)........................................................7

*Chose v. Accor Hotels & Resorts (Maryland) LLC*,
      No. 19-cv-06174-HSG, 2020 WL 759365 (N. D. Cal. Feb. 14, 2020).....8, 23

*Clark v. Group Hospitalization and Med. Svcs., Inc.*,
      No. 10-cv-333-BEN, 2010 WL 5093629 (S. D. Cal. Dec. 7, 2010)............23

*Collins v. eMachines, Inc.* 202 Cal. App. 4th 249 (2011)........................................10

*Daniels-Hall v. Nat'l Educ. Ass'n.*, 629 F.3d 992 (9th Cir. 2010)......................8, 12

*Daugherty v. American Honda Motor Co.*, 144 Cal. App. 4th 824 (2006).............19

*Dickey v. Advanced Micro Devices, Inc.*,
      No. 15-cv-04922, 2017 WL 2572582
      (N. D. Cal. June 14, 2017).....................................................10, 13, 15, 17, 24

*Doe v. United States,* 58 F.3d 494 (9th Cir.1995)..................................................25

*Drum v. San Fernando Valley Bar Ass'n.*, 182 Cal. App. 4th 247 (2010)..............10

*Estrada v. Caliber Home Loans, Inc.,* 172 F. Supp. 3d 1108 (C.D. Cal. 2016)......25

*Falcocchia v. Saxon Mortg., Inc.*,
      709 F. Supp. 2d 860 (E.D. Cal. 2010)..........................................................7

*Falk v. General Motors Corp.*,
    496 F. Supp. 2d 1088 (N. D. Cal. 2007)......................................16, 18, 19, 20

*Girard v. Toyota Motor Sales, U.S.A., Inc.*,
    316 Fed. Appx. 561, 563 (9th Cir. 2008)........................................21

*Ham v. Hain Celestial Grp., Inc.*, 70 F. Supp. 3d 1188 (N. D. Cal. 2014)............21

*Hofmann v. Fifth Generation, Inc.*,
    No. 14-cv-2569JM, 2015 WL 5440330
    (S. D. Cal. March 18, 2015)..........................................18, 23

*In re Vizio, Inc. Consumer Privacy Litig.*,
    238 F. Supp. 3d 1204 (C.D. Cal. 2017)......................................20

*Jenkel v. City & County of San Francisco*,
    2006 WL 2053502 (N. D. Cal. July 21, 2006)................................7

*Kalitta Air, LLC v. Cent. Tex. Airborne Sys, Inc.*,
    315 F. Appx. 603 (9th Cir. 2008)..............................................22

*Kasky v. Nike, Inc.*, 27 Cal. 4th 939, 951 (2002)................................9

*Kim v. Shellpoint Partners, LLC*,
    2016 WL 1241541 (S.D.Cal. Mar. 30, 2016)................................24

*Lam v. General Mills, Inc.*, 859 F. Supp. 2d 1097 (N. D. Cal. 2012)....................13

*Linear Tech. Corp. v. Applied Materials, Inc.*, 152 Cal. App. 4th 115 (2007)..........6

*Loomis v. Slendertone Distribution, Inc.*,
    420 F. Supp.3d 1046 (S.D. Cal. 2019)........................................8

*Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025 (9th Cir. 2008)........24

*McKinnis v. Kellogg USA*,
    No. CV-07-2611 ABC, 2007 WL 4766060
    (C. D. Cal. Sept. 19, 2007)..........................................14, 21

*McMorrow v. Mondelez Int'l, Inc.*,
    No. 17-cv-02327, 2018 WL 39506022
    (S. D. Cal. Aug. 17, 2018)..........................................6, 13, 18

*Miller v. Ghiradelli Chocolate Co.*, 912 F. Supp. 2d 861 (N.D. Cal. 2012).....14, 24

*Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209 (9th Cir. 1988)........................24

*Nowrouzi v. Maker's Mark Distillery, Inc.*,
    2015 WL 4523551 (S.D. Cal. July 27, 2015)................................22

*People ex rel. Bill Lockyer v. Fremont Life Ins. Co.*,
    104 Cal. App. 4th 508 (2002)................................................10

*Peterson v. Mazda Motor of America, Inc.*,
    44 F. Supp.3d 965 (C. D. Cal. 2014)........................................11

iv

Hariri Law Group
402 West Broadway, Floor 22
San Diego, CA 92101

Khashayar Law Group
12636 High Bluff Drive, Suite 400
San Diego, CA 92130

*Romero v. Flowers Bakeries, LLC*,
    No. 14-cv-05189-BLF, 2016 WL 469370 (N. D. Cal. Feb. 8, 2016)...........14

*Rooney v. Cumberland Packing Corp.*,
    2012 WL 1512106  (S.D. Cal. April 16, 2012).................................15

*Rosales v. Fit Flops USA, LLC*, 882 F. Supp. 2d 1168 (S. D. Cal. 2012)...............23

*Rubenstein v. The Gap, Inc.* 14 Cal. App. 5th 870 (2017)........................19

*Smith v. Keurig Green Mountain, Inc.*,
    393 F. Supp. 3d 837 (N. D. Cal. 2019)..............................21, 22

*Smokey Point Commer., LLC v. Dick's Sporting Goods*, 2017 WL 4882664,
    2017 U.S. Dist LEXIS 179411 (W. D. Wash. Oct. 30, 2017).......................7

*Tietsworth v. Sears*, *Roebuck & Co.*, 720 F. Supp. 2d 1123 (N. D. Cal. 2010)......18

*United Guar. Mort. Indem. Co. v. Countrywide Fin. Corp.*,
    660 F. Supp. 2d 1163 (C. D. Cal. 2009)..........................................22

*U.S. ex rel. Lee v. SmithKline Beecham, Inc.*, 245 F.3d 1048, (9th Cir. 2001)........25

*Van Buskirk v. CNN, Inc.*, 284 F.3d 977 (9th Cir. 2002)...............................8

*Venoco, Inc. v. Plains Pipeline, LP*,
    2016 WL 10646303 (S. D. Cal. Sept. 26, 2016)...............................22

*Werbel ex rel. v. Pepsico, Inc.*,
    No. C 09–04456 SBA, 2010 WL 2673860 (N. D. Cal. July 2, 2010)...........15

*Williams v. Gerber Products Co.*,
    552 F.3d 934 (9th Cir. 2008)..........................6, 9, 11, 13, 14, 18, 24

*Yumul v. Smart Balance, Inc.*, 733 F. Supp. 2d 1117 (C.D. Cal. 2010)........9, 12, 16

**Statutes:**

California Civil Code § 1750...........................................1, 9, 10, 11, 12, 14

California Business & Professional Code § 17200.................1, 9, 10, 11, 12, 13, 14

California Business & Professional Code § 17500............................1, 9, 10, 11, 14

**Rules of Procedure:**

Federal Rule of Civil Procedure 12(b)(6).............................1, 7, 8, 12, 14

Federal Rule of Civil Procedure 12(f)..........................................1, 8

Federal Rule of Civil Procedure 15(a)............................................24

Federal Rule of Civil Procedure 23.............................................24

Hariri Law Group
402 West Broadway, Floor 22
San Diego, CA 92101

Khashayar Law Group
12636 High Bluff Drive, Suite 400
San Diego, CA 92130

## I.  INTRODUCTION AND SUMMARY OF ARGUMENT:

Plaintiff JASON THOMAS ("Plaintiff" or "Thomas"), on behalf of himself and a class of all others similarly situated, submits his Opposition to the Federal Rule of Civil Procedure 12(b)(6) Motion to Dismiss (or, in the Alternative, to Strike  Pursuant to Rule 12(f)) filed by Defendant COSTCO WHOLESALE CORPORATION ("Costco" or "Defendant").

This case is brought for injunctive relief, restitution and damages pursuant to California Civil Code (CC) §§ 1750, et seq.;  California Business & Professional Code (B&PC) §§ 17500, et seq.; B&PC  17200, et seq.; and on a theory of common-law negligent misrepresentation.  The action is based on Costco's practice of advertising Apple "AirPods," wireless ear pods on its website in a manner that inaccurately, deceptively, confusingly, and misleadingly suggests that the product sold is the version  of Apple's "2nd Generation AirPods" that comes with Apple's Wireless Charging Case, rather than the one that comes with its old-style Standard Charging Case, which uses a plug-in lightening connector.  Based on Costco's deceptive and misleading advertising, which uses the term "wireless" at least twice in prominent locations on its product listing, and makes no effort to differentiate the version sold from the one that includes the wireless case; Plaintiff and other similarly situated consumers purchased the product reasonably believing that the Wireless Charging Case would be included in the product bundle.

Costco emphasizes that to be actionable, the statements at issue must be likely to deceive a reasonable consumer, and repeatedly concludes that no such reasonable consumer could be misled in the manner alleged.  However, as the courts have repeatedly emphasized, whether a particular representation is likely to mislead a reasonable consumer is nearly always a question of fact, inappropriate for determination on a Motion to Dismiss.  Moreover, as Costco points out, the Court may take judicial notice of publicly accessible websites, including Costco's website where its product advertising is displayed.  The site includes over 10,000

1

Hariri Law Group
402 West Broadway, Floor 22
San Diego, CA 92101

Khashayar Law Group
12636 High Bluff Drive, Suite 400
San Diego, CA 92130

customer reviews, in which countless customers expressed their confusion and frustration at being misled by the listing in *exactly* the same manner complained of here—that Costco's listing led them to believe that the product they were buying included the Wireless Charging Case.

Throughout its argument, Costco relies primarily on its own legal conclusion that its AirPods product listing was not misleading and no reasonable consumer could expect that the version sold included the wireless case. Yet Plaintiff's allegations, the matters subject to judicial notice, and the applicable law establish that, at the very least, these questions cannot be determined as a matter of law at the pleading stage. Plaintiff has alleged facts stating a plausible claim under each cause of action (COA) advanced, as well as providing class allegations showing that all elements of class treatment are satisfied (with the proposed classes further clarified herein). Additionally, should the Court identify any shortcomings in his present Complaint, these may easily be corrected by amendment. Accordingly, Defendant's Motion should be denied in its entirety, or if granted in any part, Plaintiff should be given leave to amend.

## II.  RESPONSE TO DEFENDANTS' "BACKGROUND"

As Costco notes, Apple's 2nd Generation AirPods are offered in two different versions: one with a product bundle that includes a "Wireless Charging Case," and another that includes an older-style "Charging Case" (which Apple calls a "Standard Charging Case") that must be plugged in to a power source using a lightning connector. Costco sells only the latter version (Costco's Points and Authorities ["P&A"] pp. 3:18-21, 4:1-21, 10:7-15, 10:20-21).[1]

---

[1] Since filing his Complaint, Plaintiff has completed additional investigation that revealed minor inaccuracies in his allegations. In particular, he has learned that the Apple AirPods advertised by Costco in the product listing at issue was not an unknown hybrid mix (as alleged at Comp. ¶¶ 2, 5, 61 and elsewhere); but was in fact one of two versions of the 2nd Generation AirPods made by Apple—the one that offered the old-style Standard Charging Case. These erroneous details have

Hariri Law Group
402 West Broadway, Floor 22
San Diego, CA 92101

Khashayar Law Group
12636 High Bluff Drive, Suite 400
San Diego, CA 92130

Hariri Law Group
402 West Broadway, Floor 22
San Diego, CA 92101

Khashayar Law Group
12636 High Bluff Drive, Suite 400
San Diego, CA 92130

Costco advances the conclusory argument that "Costco's use of the word 'wireless' clearly describes the headphones themselves" (Memorandum of Points and Authorities ["P&A"] p. 4:26-27). This is highly debatable. Costco notes that Plaintiff attached its product listing webpage as Exhibit B to his Complaint, and Costco reproduces a screen shot depicting *part of* its listing at P&A p. 5.  As the reproduction shows, the heading adjacent to the product photo (which picture the AirPods in a charging case that shows neither wires nor a jack) states, "Apple AirPods Wireless Headphones with Charging Case (2nd Generation)." While the word "wireless" could be read as modifying only "headphones" (as Costco urges), given its placement in the heading, it could also be reasonably read as indicating that not only the AirPods themselves, but the whole system included in the product bundle was wireless—especially when the listing is viewed and read *as a whole*.

Significantly, Costco fails to either show in its partial reproduction of its product listing or to note anywhere in its P&A that the portion of the listing shown at P&A p. 5 is immediately followed by a list of "Product Details," which includes a heading that states, ***"Wireless to the fullest"*** (Comp. Ex. B; RJN Ex. C).[2]  This representation, within the context of the listing, could certainly lead a reasonable consumer to believe that he or she is buying Apple's 2nd Generation AirPods with the Wireless Charging Case—especially since Costco includes no explanation of

---

little effect on the central, substantive allegations of the Complaint:  That Costco's product listing misleads and deceives reasonable consumers into believing that they are buying the version of the 2nd Generation AirPods that come with the Wireless Charging Case (Declaration of Daryoosh Khashayar in Support of Opposition to Motion to Dismiss/Strike and Request for Judicial Notice ["RJN"] ["Khashayar Dec."]  ¶ 4).

[2] Since Plaintiff cites Exhibits A and B to his Complaint throughout this Opposition, for clarity, new Exhibits submitted herewith begin with Exhibit C ("RJN Ex. C"). All such Exhibits are subject to judicial notice, which is concurrently requested (Khashayar Dec. ¶ 5).

3

which version is offered, and states only that it includes a "Charging Case," without specifying whether the case is "Standard" or "Wireless."[3]

Additionally, contrary to Costco's claim that it advertised the product "...in the precise way Apple did on its own website" (P&A p. 5:22-23), this is untrue—and Costco's own illustration plainly shows the fundamental difference between Apple's product listing and its own.  At P&A p. 4, it reproduces a portion of the listing from Apple's website picturing the **two different versions** of 2nd Generation AirPods and listing the features of each, side by side (see also Def. RJN Ex. 1). Apple's listing makes it clear that only the more costly version comes with the Wireless Charging Case, while the other includes a Standard Charging Case.  In contrast, Costco offered only one version of a product that came in two, and its product listing confusingly failed to inform consumers **which** version was offered.[4]

It is beyond dispute that countless "reasonable consumers" were in fact confused, misled, and deceived by Costco's product listings in exactly the same manner as the Plaintiff.[5]  A sampling taken from approximately 600 of the 10,000-

---

[3] At P&A p. 3:13-21, Costco takes Plaintiff to task for failing to include all pages from Apple's product description in Exhibit A to his Complaint. Yet it fails to show or acknowledge one of the most significant parts of its **own** product listing in the partial reproduction at P&A p. 5, or anywhere else in its moving papers.

[4] Apple also includes individual pages on its website showing each version of the Airpods standing alone, but these pages—which are reached by clicking on the "buy" icon appearing on the page showing the side-by-side comparison of all available models—also make it clear which version offers the Wireless Charging Case, and which one does not (Def. RJN Ex. 1, 2, and 3).

[5] Costco's product listing for these AirPods was changed at some unknown time after Plaintiff made his purchase, and is now slightly different—but no less misleading—than the listing depicted in Comp. Ex. B.  The caption next to the photo now reads, "Apple AirPods Wireless Headphones with Charging Case (Latest Model).  The listing still includes the heading, "Wireless to the fullest" under 'Product Details' (Khashayar Dec. Ex. D).  Since both advertisements use the term, "wireless" in the same manner and locations, and still fail to inform consumers that Apple makes two versions of the AirPods or clarify that the one

4

---

Hariri Law Group
402 West Broadway, Floor 22
San Diego, CA 92101

Khashayar Law Group
12636 High Bluff Drive, Suite 400
San Diego, CA 92130

plus customer reviews on Costco's website shows numerous complaints made during the relevant time period by consumers who reasonably believed they were buying the AirPods product bundle that included the Wireless Charging Case:

- "Frank" gave the AirPods a five star review, but wrote, "Love these Airpods...but the description is WRONG." Under that heading, he stated (in pertinent part): "This is my first set of Airpods and they are great. Please note though that Costco's description is wrong. These do NOT come with the wireless charging case. It only charges via lightening cable" (notably, this review was rated the "Most Helpful Favorable Review" based on the number of readers who indicated they found it helpful [RJN Ex. C]).

- "DAvidL" stated, "IT's NOT THE 'LATEST MODEL!' False advertising!"

- "Lucky" wrote, "Had this item for a week, audio clarity is good. Easy to connect with my I phone 6+. Only confusion is, I was hoping to get wireless charging case as it says Latest Model."

- "Elia" wrote, "These work great and are exactly like you would purchase in the Apple Store or online. They are the newest model of AirPods. One thing to keep in mind, however, they do not include the wireless charging case. Keep that in mind, as the description is a bit confusing and I accidentally ordered the wrong pair."

- "Allen S" wrote under the heading, "Misleading and NOT true," "I got the Pods only to find out that they did not come with the wireless case as the ad says. The ad is misleading and makes you think that you are getting the wireless case with the pods. You get the standard case that has to be plugged in to charge. Very disappointed!"

- "Don D" wrote, "Great product, but..." "These airpods are great, but be aware that this product comes with the 1st gen case and 2nd gen airpods. The case itself can NOT be wirelessly charged. The description on Costco's website does not mention what comes in this bundle and needs to be updated to prevent future misunderstandings."

---

with the Standard Charging Case is the version offered, Plaintiff submits that the listings are equally deceptive and misleading, as reflected in customer reviews spanning the time during which both forms of the listing have appeared.

5

Hariri Law Group
402 West Broadway, Floor 22
San Diego, CA 92101

Khashayar Law Group
12636 High Bluff Drive, Suite 400
San Diego, CA 92130

- "BernBoots" wrote, "I purchased these because they were advertised as having the wireless charging case...they did NOT have the wireless charging case.  Costco would not honor that advertisement and I had to purchase the other case separately."

- "Jpilot" wrote, "Not the latest model." "No wireless charger.  The latest model has wireless."

- "Pamela stated (in pertinent part), "To address the title on Costco's website; yes, it is a bit misleading.  It should at least say that the charging case is not wireless."

- "Sant" wrote, "This is not the latest model, this is the old model with regular charging case."[6]

(RJN Ex. D).

Costco closes its "Background" summary with the conclusion, "If Plaintiff believed he was purchasing the [version that comes with a wireless charging case], this belief was not based on anything Costco stated in its website product listing, which forms the entire basis for Plaintiff's claim."  This is purely speculative, and belied by the allegations and matters subject to judicial notice submitted by both parties.  More to point, that determination, which is indeed at the very heart of this case, is not suitable for resolution at the pleading stage, but rather a question of fact to be determined at trial based on the fully developed evidence of record, as Costco's own cited authority (and countless other cases) establish.  See *Williams v. Gerber Products Co.*, 552 F.3d 934, 938-939 (9th  Cir. 2008) ("Whether a practice is deceptive, fraudulent, or unfair is generally a question of fact which requires 'consideration and weighing of evidence from both sides' and which usually cannot be made on demurrer" [quoting *Linear Tech. Corp. v. Applied Materials, Inc.*, 152 Cal. App. 4th 115, 134-135 (2007)]); see also *McMorrow v. Mondelez Int'l, Inc.*, No. 17-cv-02327, 2018 WL 39506022 at * 9 (S. D. Cal. Aug. 17, 2018)

---

[6] These are a few examples from approximately 600 consumer comments reviewed, out of over 10,000 posted.  Numerous others noted similar misunderstandings, but in the interest of brevity, not all are not included here (Khashayar Dec. ¶ 7).

6

Hariri Law Group
402 West Broadway, Floor 22
San Diego, CA 92101

Khashayar Law Group
12636 High Bluff Drive, Suite 400
San Diego, CA 92130

Hariri Law Group
402 West Broadway, Floor 22
San Diego, CA 92101

Khashayar Law Group
12636 High Bluff Drive, Suite 400
San Diego, CA 92130

("Courts 'have recognized that whether a business practice is deceptive will usually be a question of fact not appropriate' for a motion to dismiss," citing/quoting [*inter alia*] *Williams* at 938).

### III. STANDARD OF REVIEW

The United States Supreme Court, in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), prescribes two steps for evaluating motions under Rule 12(b)(6). First, the Court identifies the complaint's factual allegations. Second, it determines whether these allegations, taken as true and construed in the light most favorable to the plaintiff, "'plausibly give rise to an entitlement to relief.'" *Falcocchia v. Saxon Mortg., Inc.*, 709 F. Supp. 2d 860, 865 (E.D. Cal. 2010) (quoting *Iqbal*, 556 U.S. at 664). "Plausibility" does not mean the likelihood that the plaintiff will prove the allegations, but rather whether the non-conclusory allegations, taken as true, "allow... the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Champlaie v. BAC Home Loans Servicing, LP*, 706 F. Supp. 2d 1029, 1037-1038 (E.D. Cal. 2009) (quoting *Iqbal* at 663).

Under the *Iqbal* and *Twombly* standard, "...plaintiff's burden at the pleading stage is relatively light." *Smokey Point Commer., LLC v. Dick's Sporting Goods*, No. 17-1015, 2017 WL 4882664 (W. D. Wash, Oct. 30, 2017) (citations omitted). The Court must accept all properly pleaded factual allegations in the complaint as true, and construe the pleadings in the light most favorable to the non-moving party. See *Cedar Point Nursery v. Shiroma*, 923 F.3d 524, 530 (9th Cir. 2019).

Thus, the only issue on a motion to dismiss is whether the plaintiff has stated a plausible claim. This is not the time for a merits analysis. See *Champlaie,* 706 F. Supp. 2d at 1037-38; *Jenkel v. City & County of San Francisco*, No. 06-2593, 2006 WL 2053502 (N. D. Cal. July 21, 2006) at * 8 (a Rule 12(b)(6) motion

Hariri Law Group
402 West Broadway, Floor 22
San Diego, CA 92101

Khashayar Law Group
12636 High Bluff Drive, Suite 400
San Diego, CA 92130

focuses on the "sufficiency" of a claim, not the claim's substantive merits [citing *Van Buskirk v. CNN, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002)]).

Defendant misconstrues this standard.  At the outset, and indeed throughout its P&A, Costco insists that the Court should prematurely determine the central merits issue of whether its product listing is likely to mislead or deceive a reasonable consumer.  Again, countless cases involving the same legal arguments and COAs advanced by the Plaintiff herein, arising under analogous factual scenarios, have held that such issues cannot be resolved on a Rule 12(b)(6) Motion absent an unequivocal showing that Plaintiff can plead no facts in support of the claims alleged.  Defendant does not, and cannot, make such a showing, especially considering the exhibits, documents of unquestioned authenticity referenced in the pleadings, and matters subject to judicial notice provided by both parties.

With respect to judicial notice, Defendant is absolutely right: this Court is empowered to take judicial notice of adjudicative facts not subject to reasonable dispute, including the content of publicly accessible websites and the advertisements and product listings displayed on such sites (P&A p. 7:2-9, citing, inter alia, *Daniels-Hall v. Nat'l Educ. Ass'n.*, 629 F.3d 992, 998 (9th Cir. 2010); *Loomis v. Slendertone Distribution, Inc.*, 420 F. Supp.3d 1046, 1062-1063 (S.D. Cal. 2019).  Plaintiff has no objection to the items for which Defendant has requested judicial notice herein.

As for the striking of class allegations pursuant to Rule 12(f) at the pleading stage, as explained in *Chose v. Accor Hotels & Resorts (Maryland) LLC*, No. 19-cv-06174-HSG, 2020 WL 759365 at *6 (N. D. Cal. Feb. 14, 2020), "Although district courts have authority to strike class allegations at the motion to dismiss stage, courts generally refrain from doing so because such motions are usually premature before the issue of class certification is before the court."  And in the rare case where it is clear that nationwide class allegations are unsustainable on the

8

face of the complaint, leave to amend is routinely granted (as Costco's own cited authority makes clear; see, e.g. *Castaneda v. Fila USA, Inc*., No. 11-1033-H, 2011 WL 7719013 at *2 (S. D. Cal. Aug. 10, 2011).

## IV.  ARGUMENT AND AUTHORITY

### A.  Plaintiff's Claims Are Indeed Governed by a "Reasonable Consumer" Standard, and Issue of Whether a Defendant's Advertising is Likely to Deceive a Reasonable Consumer is a Question of Fact

Plaintiff has no quarrel with most of Costco's threshold statements regarding the general provisions of the statutory law at issue, or application of the "reasonable consumer" standard.  As it points out, California's False Advertising Law ("FAL"), B&PC § 17500, prohibits any "unfair, deceptive, untrue, or misleading advertising; while California's Consumer Legal Remedies Act ("CLRA"), CC § 1750 prohibits (as relevant here) "unfair or deceptive acts or practices."  Concurrently, California's Unfair Competition Law ("UCL"), B&PC § 17200, prohibits "any unlawful, unfair or fraudulent business act or practice." Costco correctly notes that under the FAL, CLRA, and fraudulent conduct prong of the UCL, a misleading statement is actionable if it is ***likely to deceive a reasonable consumer***.  See *Brenner v. Procter & Gamble Co*., No. SACV 16-1093-JLS, 2016 WL 8192946 at * 4 (C. D. Cal. Oct. 20, 2016) ("Under the UCL, FAL, and CLRA, courts apply the "reasonable consumer" test, which requires a plaintiff to show that "members of the public are likely to be deceived" [quoting *Williams*, 552 F.3d at 938]).  As the *Williams* court explained, "The California Supreme Court has recognized 'that these laws prohibit 'not only advertising which is false, but also advertising which [,] although true, is either actually misleading or which has a capacity, likelihood or tendency to deceive or confuse the public.'" *Id*, quoting *Kasky v. Nike, Inc*., 27 Cal. 4th 939, 951 (2002).  See also *Yumul v. Smart Balance, Inc*., 733 F. Supp. 2d 1117, 1125 (C.D. Cal. 2010) (plaintiffs asserting CLRA, UCL, or FAL claims need only allege that members of the public are likely to be

9

Hariri Law Group
402 West Broadway, Floor 22
San Diego, CA 92101

Khashayar Law Group
12636 High Bluff Drive, Suite 400
San Diego, CA 92130

Hariri Law Group
402 West Broadway, Floor 22
San Diego, CA 92101

Khashayar Law Group
12636 High Bluff Drive, Suite 400
San Diego, CA 92130

deceived by the advertising under the "reasonable consumer" standard, which refers the ordinary consumer acting reasonably under the circumstances—not one who is "...versed in the art of inspecting and judging a product, in the process of its preparation or manufacture." *Id* (citations/punctuation omitted).  It is well established that consumers are not required to conduct independent research about a product in order to qualify as "reasonable consumers," but are entitled to rely on the seller's representations. *Id*; see also *Dickey v. Advanced Micro Devices, Inc.,* No. 15-cv-04922, 2017 WL 2572582 at *2 (N. D. Cal. June 14, 2017).

Regarding the "fraudulent" prong of the UCL, as explained in *Collins v. eMachines, Inc*. 202 Cal. App. 4th 249, 258 (2011),  "Unlike common law fraud, a UCL fraud claim can be shown even without allegations of actual deception, reasonable reliance and damage; what is required to be shown is that members of the public are likely to be deceived." *Id* (citations/punctuation omitted).  Costco's product listing may be deemed fraudulent under this standard, as Plaintiff's allegations, a common-sense reading of the full listing, and numerous consumer reviews posted on its website make clear (RJN Ex. D).

As for the "unlawful" prong, Costco accurately notes that this prong "borrows" violations of other laws and treats such violations, when committed pursuant to business activity, as unlawful practices independently actionable under the UCL.  Thus, Plaintiff's allegations stating a predicate violation of the FAL or CLRA also state a claim for violation of his UCL claim.  See *People ex rel. Bill Lockyer v. Fremont Life Ins. Co.*, 104 Cal. App. 4th 508, 515 (2002) (virtually any state, federal or local law can serve as the predicate for an action under § 17200).

Likewise, regarding the third UCL prong addressing "unfair" business practices, Costco correctly notes that several different tests have been applied to define unfair practices in consumer cases, citing *Drum v. San Fernando Valley Bar Ass'n*., 182 Cal. App. 4th 247, 256-257 (2010).  But nowhere does *Drum* (or any other case of which Plaintiff is aware) characterize any one test as the "most

10

liberal," or suggest that one is preferable over the others.  Rather, which test should apply in a given case depends upon the facts and circumstances presented.  As explained in *Peterson v. Mazda Motor of America, Inc*., 44 F. Supp.3d 965, 972 (C. D. Cal. 2014), "California courts use three different tests to assess whether a business practice is 'unfair' such that it violates the UCL" (noting that the "Section five" test, modeled on antitrust law, is generally not appropriate in consumer cases).  The *Peterson* court applied the "balancing test," explaining, "Under the balancing test, an unfair business practice is one in which the gravity of the harm to the victim outweighs the utility of the defendant's conduct."  *Id* at 973.

Certainly, under the balancing test, Plaintiff alleges a viable COA, as he was deceived into purchasing a product that was not what he reasonably expected through Defendant's misleading advertising—conduct which has no utility whatsoever.  Likewise, under the test cited by Costco, defining "unfair" business conduct as "immoral, unethical, oppressive, unscrupulous *or* substantially injurious to consumers," Plaintiff certainly states facts sufficient to support a finding that Costco's conduct was, at the very least, unethical and unscrupulous.

Moreover, Costco's argument that Plaintiff's UCL claim "rises and falls with his fraud claims" ignores the expansive language of the very test it cites.  Again, as stated in *Brenner,* 2016 WL 8192946 at *4, proof of violation of the UCL (and the FAL and CLRA) requires only that the plaintiff show that "members of the public are likely to be deceived," and ***not*** a showing of actual fraud.  *Id*, quoting *Williams*, 552 F.3d at 398.  Especially for deceptive advertising claims based on the "unfair" prong, dismissal at the pleading stage is highly disfavored.  See *Peterson*, 44 F. Supp. 3d at 973 ("Until the California Supreme Court offers a more authoritative instruction, this Court 'errs toward ensuring a hearing on the merits,' at least in the pre-answer stages of litigation" [citation omitted]).

Plaintiff's allegations, plus both parties' exhibits subject to judicial notice, establish at the very least that the issue of whether Costco's listing is likely to

11

Hariri Law Group
402 West Broadway, Floor 22
San Diego, CA 92101

Khashayar Law Group
12636 High Bluff Drive, Suite 400
San Diego, CA 92130

Hariri Law Group
402 West Broadway, Floor 22
San Diego, CA 92101

Khashayar Law Group
12636 High Bluff Drive, Suite 400
San Diego, CA 92130

deceive a reasonable consumer cannot be resolved at the pleading stage in this case.  As stated in *Brady v. Bayer Corp.*, 26 Cal. App. 5th 1156, 1164 (2018), involving CLRA and UCL claims based on allegations of deceptive product labeling, "Whether a practice is deceptive, fraudulent, or unfair is generally a question of fact which requires consideration and weighing of evidence from both sides and which usually cannot be made on demurrer" (citations/punctuation omitted); see also *Yumul,* 733 F. Supp. 2d at 1125-1126 (same).  In all but a few rare cases (such as those discussed below), in which it appears virtually "impossible" that the plaintiff could prove that a reasonable consumer could be deceived, the parties should be able to submit evidence to demonstrate whether a reasonable consumer would find the advertisement to be deceptive. *Id* at 1129.

### B. Whether Costco's Product Listing is False or Misleading to a Reasonable Consumer Cannot be Determined as a Matter of Law at the Pleading Stage

Costco ignores both the text of Plaintiff's Complaint and his attached exhibits in claiming that Plaintiff's allegations are "vague," that he "...does not and cannot" point to any statements in the listing that were in fact "false or misleading," and that he "fails to quote the precise language used on Costco's website."  On the contrary, the Complaint quotes the heading from the product listing ("Apple Airpods Wireless Headphones with Charging Case") at ¶ 28, and attaches Costco's listing as it appeared at the time of Plaintiff's purchase—which contains other misleading representations, including, "Wireless to the fullest"—as Exhibit B.  As Costco points out, in ruling on a 12(b)(6) motion, courts may consider documents submitted as exhibits to the complaint, whose contents are alleged in the complaint and whose authenticity is unquestioned, as well as matters subject to judicial notice, including the content of publicly accessible websites (P&A pp. 6:9-7:9, citing [*inter alia*] *Daniels-Hall*, 629 F.3d at 998).

PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS/STRIKE   3:20-cv-00718

Costco relies primarily on its own repetitive conclusions to support its erroneous argument that its listing could be deemed neither false nor misleading as a matter of law (for example, stating that the word "wireless" can only be reasonably interpreted to refer to the headphones, no reasonable consumer could conclude otherwise, and that the listing never implied or suggested that the product sold included the wireless charging case [P&A pp. 1:20-2:2, 9:25-27, 10:2-4, 10:20-21, 12:16-18, 14:24-2717:21-24]).

These conclusory pronouncements are contrary to the contents of its product listing read as a whole, and once again, as countless cases (including Defendant's own cited authority) make abundantly clear, "Whether a misrepresentation would mislead a reasonable consumer is generally a question of fact not suited for resolution on a motion to dismiss." *Dickey, 2*017 WL 2572582 at *3; citing *Williams,* 552 F.3d 934. See also *Brenner,* 2016 WL 8192946 at * 5 ("The Ninth Circuit has instructed that the reasonable consumer standard is usually a factual inquiry rarely suitable for resolution as a matter of law based on the pleadings" [citing *Williams* at 938-939]).

This rule has repeatedly been invoked when potentially misleading terms like "wireless to the fullest" are employed by the defendant.  In *Brenner*, for example, the court held that the plaintiff raised a plausible inference that a reasonable consumer could believe that baby wipes labeled "Natural Clean" did not contain any potentially harmful chemicals and was therefore misleading, thus dismissal at the pleading stage was improper.  See also *Lam v. General Mills, Inc*., 859 F. Supp. 2d 1097, 1104 (N. D. Cal. 2012) (reasonable consumer might make assumptions about the type and quantity of fruit in defendant's "Fruit Snacks" based on the statement "made with real fruit"; thus motion to dismiss plaintiff's CLRA, FAL and UCL claims was denied); *McMorrow,*  2018 WL 39506022 at * 9-10 (Plaintiffs sufficiently plead that defendant's statements about its breakfast products providing "nutritious steady energy" were false or misleading and likely

13

Hariri Law Group
402 West Broadway, Floor 22
San Diego, CA 92101

Khashayar Law Group
12636 High Bluff Drive, Suite 400
San Diego, CA 92130

Hariri Law Group
402 West Broadway, Floor 22
San Diego, CA 92101

Khashayar Law Group
12636 High Bluff Drive, Suite 400
San Diego, CA 92130

to deceive a reasonable consumer, thus a motion to dismiss plaintiff's UCL, CLRA, and FAL claims was denied); *Miller v. Ghiradelli Chocolate Co.*, 912 F. Supp. 2d 861, 874 (N.D. Cal. 2012) (Plaintiff's CLRA, FAL, and UCL claim based on defendant's deceptive labeling of its product containing  no white chocolate as "Ghirardelli Chocolate Premium Baking Chips Classic White" could not be dismissed on a 12(b)(6) motion, because court could not say as a matter of law that no reasonable consumer would be deceived by the wording on the label); *Williams*, 552 F.3d at 938 (reversing district court's 12(b)(6) dismissal of UCL and CLRA claims alleging the product packaging for "Gerber Graduates for Toddlers Fruit Juice Snacks" suggested that the snacks contained fruit juice when they did not).

Costco tries to analogize the present case to the rare cases in which courts have determined that no reasonable consumer could construe the meaning of the advertisement in the manner alleged—but such cases are readily distinguishable for at least three reasons.  ***First***, and most obviously, this is not the type of clear-cut case where the Plaintiff's proffered construction is contrary to common sense and may thus be deemed unreasonable as a matter of law.  In *McKinnis v. Kellogg USA*, No. CV-07-2611 ABC, 2007 WL 4766060 at *4 (C. D. Cal. Sept. 19, 2007) (cited at P&A p. 11, 13, 14), the court found that no reasonable consumer could be misled into believing that "Froot Loops" cereal contained actual fruit based on the product's labeling, especially since defendant did not even use the word "fruit" but instead the fanciful term, "froot."  Likewise, in *Romero v. Flowers Bakeries, LLC*, No. 14-cv-05189-BLF, 2016 WL 469370 at *7 (N. D. Cal. Feb. 8, 2016), the court found that reasonable consumers would not be misled into believing that the defendant's bread contained whole wheat, when that term did not appear on the packaging.  Here, precisely the opposite is true—Costco's product listing used the term "wireless" at least twice, in conjunction a photo of the AirPods in a case that showed no wire or jack (Comp. Ex. B, RJN Ex. C).  As explained in *Brady,* 26 Cal. App. 4th at 1165, it is only where a claim of misleading advertising "...runs counter

14

Hariri Law Group
402 West Broadway, Floor 22
San Diego, CA 92101

Khashayar Law Group
12636 High Bluff Drive, Suite 400
San Diego, CA 92130

to ordinary common sense or the obvious nature of the product" that the claim is fit for disposition at the pleading stage of the litigation (citing, inter alia, *Werbel ex rel. v. Pepsico, Inc.*, No. C 09–04456 SBA, 2010 WL 2673860 at *3 (N. D. Cal. July 2, 2010).  In *Werbel*, in which the court dismissed plaintiffs' case claiming they were misled into believing that "Cap'n Crunch's Crunch Berries" cereal derived some nutritional value from real fruit; finding that no reasonable consumer could believe that "cereal balls with a rough, textured surface in hues of deep purple, teal, chartreuse green and bright red," whose packaging clearly stated, SWEETENED CORN & OAT CEREAL, derived nutrition from real fruit.  The present case is worlds apart from such obviously meritless cases.  As stated in *Dickey,* 2017 WL 2572582 at * 3, "Only in rare cases have courts concluded that consumers' stated expectations were unreasonable as a matter of law," distinguishing  *Werbel*, 2010 WL 2673860 and *McKinnes*, 2007 WL 4766060.

**_Second_**, this is not a case like *Rooney v. Cumberland Packing Corp.*, 2012 WL 1512106  (S.D. Cal. April 16, 2012) in which the customer's impression that a product called  "Sugar in the Raw" contained only "raw, unprocessed, unrefined sugar" was neither supported by the packaging or marketing of the product, or by industry standards.  *Id* at *4.  Here, Plaintiff's belief that he would receive a wireless charging case with the AirPods was not only influenced by Costco's listing promising a product that was "wireless to the fullest," but also based on an existing product being actively promoted by Apple and other retailers.

**_Third,_** the existence of **_two versions_** of 2nd Generation AirPods is also a key factor in distinguishing this case from those on which Costco relies (none of which involved products that came in multiple models or versions).  As noted, Costco's claim that it "...identified the charging case precisely as Apple itself identified that component on its own website," is inaccurate (P&A p. 10:5-7).  Costco freely acknowledges the Apple website shows and lists the two different versions of its Second Generation AirPods (P&A pp. 4, 10:7-17).  This is an essential distinction

15

Hariri Law Group
402 West Broadway, Floor 22
San Diego, CA 92101

Khashayar Law Group
12636 High Bluff Drive, Suite 400
San Diego, CA 92130

between the Costco and Apple product listings: Apple made it clear that its 2nd Generation AirPods include two versions of its product, offered at two different prices, only one of which comes with the Wireless Charging Case (P&A p. 10:11-15, citing Def. RJN Exh. 2 and 3).  Costco also admits that it "only sold the standard version of the Apple product" and claims that it "never suggested otherwise" (P&A p. 10:20-21).  But unlike Apple, whose product listing clearly identifies **which type** of charging case is included with each version of the product, nowhere in Costco's product listing is it made clear that the version it offered includes the old-style Standard Charging Case.

Costco ignores this critical distinction, simply insisting that its product listing was truthful and non-misleading because it stated that the AirPods came with a "Charging Case," rather than specifying a "Wireless Charging Case,"[7] and it included a photo that did not show the LED indicator present on the wireless Charging Case.  Again, however, a consumer is **not** required to independently research a product to clarify a seller's confusing or misleading information, such as whether the manufacturer offers a product in different versions, the features of each, or how to visually distinguish between them.  In *Falk v. General Motors Corp.*, 496 F. Supp. 2d 1088, 1096-1097 (N. D. Cal. 2007), the court noted that where, as here, the plaintiffs attached Internet complaints by consumers about the product to support their claim, this indicated that prospective purchasers with Internet access **could have** searched for and read such information—but stressed that they were **not required** to do so.  See also *Brenner*, 2016 WL 8192946 at *5 ("California courts have defined the proverbial "reasonable consumer" as "the ordinary consumer acting reasonably under the circumstances" and not one who is "versed in the art of inspecting and judging a product, in the process of its

---

[7] Notably, Costco's product listing did not and does not clarify that Costco's product bundle included a **standard** Charging Case, as Costco disingenuously claims at P&A p. 10:18-19 (Comp. Ex. B; Khashayar Dec. Ex. D).

PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS/STRIKE     3:20-cv-00718

Hariri Law Group
402 West Broadway, Floor 22
San Diego, CA 92101

Khashayar Law Group
12636 High Bluff Drive, Suite 400
San Diego, CA 92130

1   preparation or manufacture" (citing/quoting *Yumul,* 733 F. Supp. 2d at 1125 [other

2   citations omitted]). *Dickey*, 2017 WL 2572582 at *2-3 is illustrative. In that case,

3   the plaintiffs alleged that they relied on the defendant's advertisements, as well as

4   their own understanding of the term "core," in believing that defendant's computer

5   processor labeled the "8-Core Bulldozer" would contain eight independently

6   operating cores. The court found that plaintiffs stated claims for violation of

7   CRLA, the FAL, the UCL, as well as others including negligent misrepresentation,

8   emphasizing that they were entitled to rely on the seller's representations and their

9   own understanding. *Id*.

10      The same principal applies here. Consumers had no duty to look beyond the

11   product listing on Costco's website to discover that two different versions of the

12   2nd Generation AirPods are available, or that a different type of charging case is

13   included with each. Costco could easily have made it clear that it was offering the

14   version that came with the Standard Charging Case rather than the Wireless

15   Charging Case, as do Apple and other retailers [See P&A p. 4; RJN Ex. E p. 4); but

16   did not. Instead, it presented an unclear, misleading ad that included the term

17   "wireless" at the outset of its product identification, and the phrase, "Wireless to

18   the fullest." Given this, Costco's claim, "to the extent Plaintiff believed the

19   product he purchased contained a wireless charging case, this belief demonstrably

20   was not based on anything stated or implied by Costco" (P&A p. 10:21-23) is

21   simply not credible—and certainly not subject to determination as a matter of law.

22      Additionally, Costco argues that it should be exonerated because its

23   representations were "truthful." This is far from indisputable, especially given the

24   statement in its listing, "Wireless to the fullest." But even assuming *arguendo* that

25   Costco's product listing did not contain demonstrably false statements, truth is not

26   an absolute defense where consumers are nevertheless likely to be deceived. As

27   explained in *Brady*, 26 Cal. App. 5th at 1173:

28

PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS/STRIKE      3:20-cv-00718

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Hariri Law Group
402 West Broadway, Floor 22
San Diego, CA 92101

Khashayar Law Group
12636 High Bluff Drive, Suite 400
San Diego, CA 92130

[T]hese laws prohibit not only advertising which is false, but also advertising which, although true, is either actually misleading or which has a capacity, likelihood or tendency to deceive or confuse the public...Thus, to state a claim under either the UCL or the false advertising law, based on false advertising or promotional practices, it is necessary only to show that members of the public are likely to be deceived.

*Id* (citations/punctuation omitted).  Plaintiff's Complaint and the parties' judicially noticeable submissions show that this standard is more than satisfied here, especially since Costco's own website shows that numerous customers were in fact misled in exactly the same way as Plaintiff (RJN Ex. D).  This is manifestly not the rare case in which this issue may be decided as a matter of law at the pleading stage.  In this case—as in most— "Whether a business practice is deceptive generally presents a question of fact that cannot be resolved on a motion to dismiss." *Hofmann v. Fifth Generation, Inc*., No. 14-cv-2569JM, 2015 WL 5440330 at * 8 (S. D. Cal. March 18, 2015) (citing *Williams,* 552 F.3d at 938); see also *McMorrow,* 2018 WL 3956022 at * 9 (same).

### C.  Costco Was Obligated to Provide Material Information to Avoid Misleading Consumers as to Which AirPods Bundle It Offered

To be clear, Plaintiff's Complaint focuses primarily on what Costco actively misrepresented, rather than what it concealed.  However, it also omitted material information it was bound to disclose, which contributed to the misleading nature of the listing.  While Costco concludes that it had no obligation to disclose that the AirPods product bundle it sold did not come with the Wireless Charging Case, controlling legal authority holds to the contrary.  While a defendant may only be held liable for failure to disclose information about a product where a duty to disclose such information exists, this duty arises where an advertisement misleads the consumer by omitting material information.  In *Tietsworth v. Sears*, *Roebuck & Co*., 720 F. Supp. 2d 1123, 1138 (N. D. Cal. 2010) the court explained that "materiality" is established if the omitted information would cause a reasonable

18

Hariri Law Group
402 West Broadway, Floor 22
San Diego, CA 92101

Khashayar Law Group
12636 High Bluff Drive, Suite 400
San Diego, CA 92130

consumer to behave differently if he or she were aware of the information. Likewise, in *Falk,* 496 F. Supp. 2d at 1096, the court looked to both the allegations of the complaint and submitted pages showing internet complaints about the defective speedometers at issue in finding that the plaintiffs adequately pled facts to support their claim that the undisclosed information would be material to a reasonable consumer—as Plaintiff did here (Comp. ¶¶ 27-31, 53, 77; RJN Ex. D).

As for the circumstances giving rise to a duty to disclose, as explained in *Falk,* 496 F. Supp. 2d at 1095, in a CRLA claim, as in a common-law fraud claim, failure to disclose is actionable when the defendant (1) is in a fiduciary relationship with the plaintiff; (2) had exclusive knowledge of material facts not known to the plaintiff; (3) actively conceals a material fact from the plaintiff; or (4) makes partial representations but also suppresses some material fact. *Id* (citations omitted). Here, all but the first of these circumstances is alleged, making dismissal inappropriate (Comp. ¶¶ 27-31, 49, 51-53, 77 and Ex. B; RJN Ex. C).

Costco relies on authority that is distinguishable for several reasons. First, as cases like *Daugherty v. American Honda Motor Co*., 144 Cal. App. 4th 824, 835 (2006) and *Rubenstein v. The Gap, Inc.* 14 Cal. App. 5th 870, 881 (2017) demonstrate, whether there is a duty to disclose a particular fact depends on whether that fact is ***contrary to a representation*** made by the defendant or otherwise ***material to the transaction***. *Daugherty* involved a non-safety-related engine defect that manifested in defendant's vehicles only after the express warranty expired, and was thus immaterial. Here, both the misleading nature of Costco's representations and the materiality of the omitted information regarding the product bundle offered are readily apparent.

Again, Apple sells 2nd Generation AirPods in two different bundles, one with a Wireless Charging Case and one with a Standard Charging Case (P&A p. 13:17-19). Given this fact—which Costco was undoubtedly aware of but many of its customers likely were not—along with its misleading use of the term "wireless

19

Hariri Law Group
402 West Broadway, Floor 22
San Diego, CA 92101

Khashayar Law Group
12636 High Bluff Drive, Suite 400
San Diego, CA 92130

1  to the fullest" and otherwise ambiguous listing—Costco had a duty to inform

2  consumers which of the two available versions it was selling.  It claims, "...there is

3  nothing unlawful or fraudulent about accurately describing a product and calling it

4  by its actual name;" but that is not a valid description of its listing.  This argument

5  is based on a theory that it met its obligation by describing the accompanying case

6  as simply a "Charging Case" rather than a "Wireless Charging Case," because

7  these were terms used by Apple.  Yet, unless a customer reading Costco's listing

8  had also consulted the Apple website or other outside sources (which, as discussed,

9  consumers have no duty to do), he or she would not be aware of the terminology

10  used by Apple to differentiate the two product bundles, or even necessarily be

11  aware that two different versions were available.

12       It is Costco's obligation to provide enough information so that the customer

13  is informed of what he or she is buying—especially since its listing is also

14  misleading in its use of the term "wireless"—and this includes a duty to disclose

15  specific facts material to the transaction.  See *Falk*, 496 F. Supp. 2d at 1095-1096.

16  Here, as in *Falk*, Plaintiff has plead facts showing that Costco failed in its duty to

17  disclose material information it was required to disclose—which, if proven, will

18  establish a violation of the CLRA, which in turn constitutes an unlawful ad unfair

19  practice under the UCL.  In such a case, dismissal at the pleading stage is

20  improper.  *Id.*

21  **D.  Plaintiff States a Claim for Negligent Misrepresentation**

22       Costco correctly states the elements of negligent misrepresentation, but there

23  the accuracy of its argument ends.  As explained, Costco's product listing, viewed

24  as a whole and as presented, amounts to a misrepresentation that induced numerous

25  consumers, including Plaintiff, to reasonably believe they would receive the

26  AirPods product bundle that included the Wireless Charging Case, and to

27  justifiably rely on that belief in deciding to purchase AirPods from Costco (Comp.

28

Hariri Law Group
402 West Broadway, Floor 22
San Diego, CA 92101

Khashayar Law Group
12636 High Bluff Drive, Suite 400
San Diego, CA 92130

¶¶ 27-31, 53, 87-90; RJN Ex. D).[8]  Again, these facts distinguish this case from those like *McKinnes*, 2007 WL 4766060, where nothing in the product labeling would induce customers to reasonably rely on a representation that is untrue.

Likewise, Costco's conclusion that justifiable reliance cannot be shown because "no reasonable consumer would conclude from a product listing identifying a 'Charging Case' that the product included a 'Wireless Charging Case,' which is an entirely different Apple product" fails on the facts and applicable law.  Again, such an argument presupposes that any "reasonable consumer" would be aware that Apple offered two "entirely different" versions of its Second Generation AirPods, with two different kinds of charging cases.  While Costco's cited case, *Girard v. Toyota Motor Sales, U.S.A., Inc*., 316 Fed. Appx. 561, 563 (9th Cir. 2008) correctly equates the "justifiable reliance" element of negligent misrepresentation to the "reasonable consumer" standard, it is factually distinguishable.  In *Girard*, the defendant provided adequate disclaimers to avoid misleading consumers.  *Id*.  Costco did not, although it easily could have (See RJN Ex. E, p. 4). See also *Smith v. Keurig Green Mountain, Inc*., 393 F. Supp. 3d 837, 849 (N. D. Cal. 2019) (finding *Girard* "irrelevant" in a CLRA and UCL case not involving a disclaimer).  As with Plaintiff's statutory claims, in a negligent misrepresentation action based on false advertising, whether a reasonable consumer would be deceived by a product listing, so as to show justifiable reliance

---

[8] Costco accurately points out that California law requires a claim of negligent misrepresentation to be based on a positive assertion, rather than "merely an omission" (P&A p. 14:19-21, citing [*inter alia*] *In re Vizio, Inc. Consumer Privacy Litig.*, 238 F. Supp. 3d 1204, 1230 (C.D. Cal. 2017)).  While Plaintiff relies in part on Costco's failure to disclose which version of the AirPods it was selling to support his statutory claims, this omission need not be considered to establish its claim for negligent misrepresentation.  Costco's overall presentation and use of the term "wireless" in its listing, particularly "wireless to the fullest," are more than sufficient to show active misrepresentation of a material fact.

21

is a question of fact not amenable to determination on a motion to dismiss.  See

*Ham v. Hain Celestial Grp., Inc*., 70 F. Supp. 3d 1188, 1193 (N. D. Cal. 2014).

Finally, Defendant's argument that Plaintiff's negligent misrepresentation claim is barred by the "economic loss doctrine" is unavailing.  While there has historically been some disagreement between the courts, it is now settled that the doctrine does not apply to negligent misrepresentation claims under California law. See *Capaci v. Sports Research Corporation*, No. CV193440FMOFFMX,  2020 WL 1482313, at *11 (C.D. Cal., Mar. 26, 2020).  Rejecting an argument identical to that presented here, the *Capaci* court explained, "California law classifies negligent misrepresentation as a species of fraud[ ] for which economic loss is recoverable."  *Id*, quoting *Kalitta Air, LLC v. Cent. Tex. Airborne Sys, Inc*., 315 F. Appx. 603, 607 (9th Cir. 2008).  Moreover, the doctrine has usually been applied in cases primarily sounding in breach of contract.  It "...generally bars tort claims for contract breaches, thereby limiting contracting parties to contract damages." *Venoco, Inc. v. Plains Pipeline, LP*, 2016 WL 10646303 (S. D. Cal. Sept. 26, 2016), citing *United Guar. Mort. Indem. Co. v. Countrywide Fin. Corp*., 660 F. Supp. 2d 1163, 1180 (C. D. Cal. 2009).  Thus, the doctrine has no application here.[9]

### E.  Plaintiff Only Seeks Certification of a Nationwide Class for His Negligent Misrepresentation Cause of Action, and Striking Any Component of the Complaint Would be Premature

"[A]lthough district courts have authority to strike class allegations at the motion to dismiss stage, courts generally refrain from doing so because such

_____

[9] In each of Defendant's cited cases, the doctrine was raised, but was neither opposed nor analyzed by the court.  In *Nowrouzi v. Maker's Mark Distillery, Inc.*, 2015 WL 4523551 at *7 (S.D. Cal. July 27, 2015), the court ***did not***, as Defendant claims, grant a motion to dismiss a negligent misrepresentation claim "because this claim was barred by the economic loss doctrine;" but merely noted that the theory was raised, and that dismissal of the claim was unopposed.

Hariri Law Group
402 West Broadway, Floor 22
San Diego, CA 92101

Khashayar Law Group
12636 High Bluff Drive, Suite 400
San Diego, CA 92130

22

Hariri Law Group
402 West Broadway, Floor 22
San Diego, CA 92101

Khashayar Law Group
12636 High Bluff Drive, Suite 400
San Diego, CA 92130

1  motions are usually premature before the issue of class certification is before the

2  court." *Smith,* 393 F. Supp. 3d at 849-850 (denying motion to strike, stating that

3  the class allegations may be addressed at the certification stage).

4      Plaintiff concedes that the Complaint was not entirely clear in stating the

5  proposed class definitions, or which COAs Plaintiff seeks to certify on behalf of a

6  nationwide class as opposed to a class of California consumers only.  Also,

7  Defendant correctly states that a nationwide class is generally not proper for those

8  claims arising under California's consumer protection laws.  However, Plaintiff's

9  common-law negligent misrepresentation claim is not subject to this limitation.

10  Where, as here, some claims may be unavailable to non-California residents; while

11  others are not so constrained, the proper approach is to allow a nationwide class or

12  subclass of the latter.  See *Clark v. Group Hospitalization and Med. Svcs., Inc.*,

13  No. 10-cv-333-BEN, 2010 WL 5093629 at *8 (S. D. Cal. Dec. 7, 2010).

14  Therefore, to clarify, Plaintiff proposes the following class:

15      **California Class (All Causes of Action):**

16
17      All persons residing in California who purchased Apple 2nd Generation
    AirPods from Costco through Costco's product listing on its website  and
18      received the version of the product bundle that provided a Standard
    Charging Case, from  April 15, 2016 to the present, and who have not
19      received a refund or credit for their purchase.

20      **Nationwide Subclass (Fourth Cause of Action for Negligent
21  Misrepresentation Only):**

22
23      All persons residing in the United States who purchased Apple 2nd
    Generation AirPods from Costco through Costco's product listing on its
24      website,  and received the version of the product bundle that provided a
    Standard Charging Case, from  April 15, 2017 to the present, and who have
25      not received a refund or credit for their purchase.

26      Especially given this clarification, striking class allegations from the

27  Complaint would be premature and unwarranted at this juncture.  See *Chose,* 2020

28  WL 759365 at *6; *Rosales v. Fit Flops USA, LLC*, 882 F. Supp. 2d 1168, 1179 (S.

23

1  D. Cal. 2012) ("[C]lass suitability issues are best resolved during a motion for class

2  certification"). This rule applies equally to attempts to defeat a nationwide class.

3  See *Hofmann,* 2015 WL 5440330 at *10.[10]

4  **F. If Any Part of Defendants' Motion is Granted, Plaintiff Should be Given Leave to Amend**

5      Costco' Motion should be denied in its entirety, as it has failed to satisfy its

6  burden to establish that Plaintiff cannot state a plausible claim for relief.  However,

7  should the Court determine that the Complaint is insufficient in any respect, leave

8  to amend should be granted. Fed. R. Civ. P. 15 provides that courts should freely

9  grant leave to amend when justice so requires.  Additionally, "Dismissal without

10 leave to amend is improper unless it is clear...that the complaint could not be saved

11 by any amendment."  *Manzarek v. St. Paul Fire & Marine Ins. Co*., 519 F.3d 1025,

12 1031 (9th Cir. 2008); see also *Miller*, 912 F. Supp. 2d at 873 ("If the court

13 dismisses the complaint, it should grant leave to amend...unless it determines that

14 the pleading could not possibly be cured by the allegation of other facts"

15 [citations/punctuation omitted]). This is plainly **not** such a case.

16     Defendant's entire "futility" argument is based on its conclusory theory that

17 no reasonable consumer could have believed that the AirPods product bundle sold

18 by Costco included the Wireless Charging Case based on its product listing.  But

19 again, as countless cases establish, this is an issue of fact to be resolved on the

20 evidence, not at the pleading stage, absent rare circumstances not present here (see,

21 e.g. *Williams*, 552 F.3d at 938-939; *Dickey,* 2017 WL 2572582 at *3).  Any

22

23 [10] Costco case law holding that in certain instances, nationwide class allegations

24 may be stricken at the pleading stage, but its authority is inapposite.  This is not a case like *Kim v. Shellpoint Partners, LLC*, 2016 WL 1241541 at * 4 (S.D.Cal. Mar.

25 30, 2016), in which it was apparent at the pleading stage that the ascertainability

26 requirement could be met.  On the contrary, ascertainability may easily be satisfied here from the sales records of Costco, detailed Costco membership purchase

27 records or its agents, as well as through public notice (Comp. ¶ 39). Plaintiff pleads facts showing the other requisites of Fed. R. Civ. P. 23 are likewise satisfied

28 (Comp. ¶¶ 40-46).

Hariri Law Group
402 West Broadway, Floor 22
San Diego, CA 92101

Khashayar Law Group
12636 High Bluff Drive, Suite 400
San Diego, CA 92130

24

Hariri Law Group
402 West Broadway, Floor 22
San Diego, CA 92101

Khashayar Law Group
12636 High Bluff Drive, Suite 400
San Diego, CA 92130

shortcoming in Plaintiff's Complaint may be easily remedied through amendment, if necessary.   As Defendant's own cited authority states, "[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleading that would constitute a valid and sufficient claim or defense."  See *Miller v. Rykoff-Sexton, Inc*., 845 F.2d 209, 214 (9th Cir. 1988) (holding the court abused its discretion in denying leave to amend).  Likewise, in *U.S. ex rel. Lee v. SmithKline Beecham, Inc*., 245 F.3d 1048, 1052-1053 (9th Cir. 2001), the court held that where the district court denied leave to amend because it concluded any amendment would be futile based on an "...unduly narrow reading of Lee's First Amended Complaint," such denial amounted to error.  As stated in *Estrada v. Caliber Home Loans, Inc.,* 172 F. Supp. 3d 1108 (C.D. Cal. 2016), "In keeping with [the] liberal pleading standard, the district court should grant the plaintiff leave to amend if the complaint can possibly be cured by additional factual allegations." *Id.* at 1112-1113, citing *Doe v. United States,* 58 F.3d 494, 497 (9th Cir.1995).

## V.  CONCLUSION:

For the reasons set forth herein, Defendant has failed to meet its burden to support dismissal under Rule 12(b)(6), or striking any part of Plaintiff's Complaint under Rule 12(f); thus its Motion should be denied in its entirety.  Alternatively, should the Court find merit in any of Defendant's arguments, Plaintiff respectfully requests that dismissal or striking of any part of the Complaint be granted ***without prejudice and with leave to amend.***

Dated: June 15,  2020

Respectfully Submitted,
**HARIRI LAW GROUP
KHASHAYAR LAW GROUP**

By:   /s/ Daryoosh Khashayar
       Daryoosh Khashayar
       Attorney for Plaintiffs

25