AARON J. MOSS (SBN 190625)
AMoss@ggfirm.com
GREENBERG GLUSKER FIELDS CLAMAN &
MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067-4590
Telephone: 310.553.3610
Fax: 310.553.0687

Attorneys for Defendant
Costco Wholesale Corporation

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON THOMAS, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION; DOES 1-10, inclusive,<br><br>    Defendants. | Case No. 20-CV-0718-LAB-BLM<br><br>*Assigned To:* Hon. Larry A. Burns<br><br>**COSTCO'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6), OR IN THE ALTERNATIVE, TO STRIKE PURSUANT TO FRCP 12(f)**<br><br>**ORAL ARGUMENT REQUESTED**<br><br>Date: June 29, 2020<br>Time: 11:15 A.M.<br>Place: Courtroom 14A<br><br>Action filed on April 15, 2020 |

## TABLE OF CONTENTS

Page

I. INTRODUCTION ...................................................................................................1

II. ARGUMENT .........................................................................................................2

    A. Plaintiff has Admitted that the Underlying Basis for his Claims was Wrong, and his Attempt to Resurrect those Claims Fails. ............2

    B. Plaintiff's Reliance on "Customer Reviews" is Unavailing .................6

    C. Costco had No Duty to Disclose what it was *Not* Selling ....................7

    D. Plaintiff Cannot State a Claim for Negligent Misrepresentation..........8

    E. Plaintiffs' Class Allegations are Improper............................................9

III. CONCLUSION ...................................................................................................10

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

# TABLE OF AUTHORITIES

Page

**CASES**

*Andrade-Heymsfield v. Danone US, Inc.,*
  2019 WL 3817948 (S.D. Cal. Aug. 14, 2019) ................................................. 2

*Becerra v. Dr Pepper/Seven Up, Inc.,*
  945 F.3d 1225 (9th Cir. 2019) ..................................................................... 2, 6

*Carpenter v. PetSmart, Inc.,*
  2020 WL 996947 (S.D. Cal. Mar. 2, 2020) .................................................. 10

*Cheslow v. Ghirardelli Chocolate Co.,*
  2020 WL 1701840 (N.D. Cal. Apr. 8, 2020) ............................................... 2, 6

*Dumas v. Diageo PLC,*
  2016 WL 1367511 (S.D. Cal. Apr. 6, 2016) ................................................ 2, 4

*Falk v. General Motors Corp.,*
  496 F. Supp. 2d 1088 (N. D. Cal. 2007) ......................................................... 7

*Freeman v. Time, Inc.,*
  68 F.3d 285 (9th Cir. 1995) ............................................................................ 5

*Frenzel v. AliphCom,*
  76 F. Supp. 3d 999 (N.D. Cal. 2014) .............................................................. 9

*Kim v. Shellpoint Partners, LLC,*
  2016 WL 1241541 (S.D. Cal. Mar. 30, 2016) .............................................. 10

*Kramer v. Wilson Sporting Goods Co.,*
  2013 WL 12133670 (C.D. Cal. Dec. 13, 2013) ........................................... 10

*Ladore v. Sony Computer Entm't Am., LLC,*
  2014 WL 7187159 (N.D. Cal. Dec. 16, 2014) ............................................... 9

*Larsen v. Vizio, Inc.,*
  2015 WL 13655757 (C.D. Cal. Apr. 21, 2015) ............................................ 10

*Lavie v. Procter & Gamble Co.,*
  105 Cal. App. 4th 496 (2003) ......................................................................... 2

*Mazza v. American Honda Motor Co., Inc.,*
  666 F.3d 581 (9th. Cir. 2012) ......................................................................... 9

*Phillips v. Apple Inc.,*
  2016 WL 1579693 (N.D. Cal. Apr. 19, 2016) ................................................ 5

*Punian v. Gillette Co.,*
  2015 WL 4967535 (N.D. Cal. Aug. 20, 2015) ............................................ 6, 7

# TABLE OF AUTHORITIES
(continued)

Page

*Romero v. Flowers Bakeries, LLC,*
 2016 WL 469370 (N.D. Cal. Feb. 8, 2016) .................................................................. 9

*Tasion Comm'ns, Inc. v. Ubiquiti Networks, Inc.,*
 2013 WL 4530470 (N.D. Cal. Aug. 26, 2013) .............................................................. 9

*Welk v. Beam Suntory Imp. Co.,*
 124 F. Supp. 3d 1039 (S.D. Cal. 2015) ............................................................... 4, 8, 9

*Wolf v. Hewlett Packard Co.,*
 2016 WL 7743692 (C.D. Cal. Sept. 1, 2016) ............................................................... 6

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      INTRODUCTION**

Plaintiff Jason Thomas' ("Plaintiff's") entire complaint (Dkt. 1, "Complaint") is premised on the theory that defendant Costco Wholesale Corporation ("Costco") engaged in false advertising and related torts by representing that it was selling "Second Generation Apple AirPods" when it was in fact selling an "unknown hybrid mix" that were "not complete and true" Second Generation AirPods because they did not come with a wireless charging case.

In its Motion to Dismiss, Costco demonstrated that Apple itself produces and sells its Second Generation wireless AirPods accompanied by two *different* cases, one of which is capable of wireless charging and one of which is not. In his Opposition, Plaintiff was forced to concede that he was wrong—that Costco is in fact selling legitimate Second Generation AirPods, not some unknown hybrid product. Opposition ("Opp."), at 2, n.1.

Plaintiff's concession should have ended this lawsuit. Instead, he has changed his theory, asserting that Costco's use of the term "wireless" in its product listing could be interpreted to describe the charging case rather than the wireless AirPods themselves. Not only is such a construction unreasonable, but Plaintiff's new argument also contradicts his Complaint, in which he alleged that Costco's listing *omitted* any reference to how the product was charged—thereby demonstrating that he did not interpret "wireless" in the manner in which he now claims. Plaintiff also asserts that Costco was obligated to affirmatively disclose that its AirPods did *not* come with a wireless charging case, but no statute or case law requires this.

As these defects cannot be cured by amendment, Plaintiff's Complaint should be dismissed in its entirety without leave to amend. In the alternative, its class allegations should be stricken for the reasons discussed below.

1    II.   **ARGUMENT**

2        A.    **Plaintiff has Admitted that the Underlying Basis for his Claims**
3              **was Wrong, and his Attempt to Resurrect those Claims Fails.**

4        The parties agree that Plaintiff's claims are governed by the "reasonable consumer" standard, which requires "more than the mere possibility" that an advertisement "might conceivably be misunderstood by some few consumers viewing it in an unreasonable manner." *Lavie v. Procter & Gamble Co.*, 105 Cal. App. 4th 496, 507-08 (2003) (rejecting a "least sophisticated consumer" standard). Rather, the reasonable consumer standard "requires a probability that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled." *Id.* Furthermore, allegations of deception must be assessed according to what an advertisement *actually says*, not allegations of implied meaning. *Andrade-Heymsfield v. Danone US, Inc.*, 2019 WL 3817948, at *7 (S.D. Cal. Aug. 14, 2019).

        Consumer claims are appropriately dismissed at the pleading stage where, as here, a court may review the language of an advertisement and conclude as a matter of law that reasonable consumers are unlikely to be deceived. *Dumas v. Diageo PLC*, 2016 WL 1367511, at *3 (S.D. Cal. Apr. 6, 2016). Indeed, courts have often dismissed consumer cases at the pleading stage where plaintiffs have "misunderstood" statements in an advertisement or on a package when their assumptions were unreasonable. *See, e.g.*, *Cheslow v. Ghirardelli Chocolate Co.*, 2020 WL 1701840, at *1 (N.D. Cal. Apr. 8, 2020); *Becerra v. Dr Pepper/Seven Up, Inc.*, 945 F.3d 1225, 1231 (9th Cir. 2019).

        Here, Plaintiff's Complaint is premised entirely upon an allegation that he now admits is simply *untrue*. Plaintiff claimed throughout his Complaint that Costco's product listing was false and misleading because Costco advertised its product as "Second Generation Apple AirPods," a product that Plaintiff alleged would have included a wireless charging case for the earbuds. Plaintiff asserted

that Costco was instead selling an "unknown hybrid mix which did not include a wireless charging case for the earbuds, which is how the product is sold by the original manufacturer Apple, Inc." Complaint, ¶¶2-5.

Critically, Plaintiff's Complaint did *not* contend that Costco affirmatively stated or implied that its product came with a wireless charging case or was capable of wireless charging. Complaint, ¶29 (alleging Costco "omitted any reference to how the product was charged"). Rather, the alleged "false and misleading" representation was Costco advertising the product as "Second Generation Apple AirPods," a product which Plaintiff claimed would have necessarily included a wireless charging case. Complaint, ¶¶2-5, 20-22, 27, 61, 74, 77, 78, 87, 88. *See also* Complaint ¶41 (identifying, as common questions of fact, "[w]hether the Products were actually advertised as" and "actually were" the "latest 2nd Generation Apple AirPods").

In his Opposition, Plaintiff was forced to concede that the product sold by Costco was *not* in fact some "unknown hybrid mix" and that Apple's Second Generation AirPods are actually offered by Apple in two different product bundles, one that included a "Wireless Charging Case" and another that included a regular "Charging Case" (which is the version sold by Costco). Opp., at 2:18-24 and n.1. Notwithstanding his characterization of these errors in his Opposition as "minor inaccuracies," Plaintiff's concession that legitimate Second Generation AirPods are sometimes sold with a standard charging case and sometimes sold with a wireless case undermines the entire basis of this lawsuit.

Plaintiff now attempts to resurrect his claim by changing it, arguing that Costco's use of the word "wireless" in two places on its product listing page constitutes a representation that its AirPods product came with a wireless charging case. However, Costco's use of the term "wireless" manifestly does *not* describe how the case is charged, but rather describes the functionality of the AirPods product itself, which operates wirelessly.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

1   Costco's listing used the phrase "Apple AirPods Wireless Headphones with
2   Charging Case (2nd Generation)." Complaint, Exh. B at 13.  Costco truthfully
3   referenced the fact that the AirPods are "wireless headphones." Costco did *not*
4   state that the AirPods came with a charging case that was "capable of wireless
5   charging." Costco's use of the preposition "with" forecloses any plausible
6   construction of the phrase in which the word "wireless" could be read to modify
7   *both* "headphones" and "case." Moreover, "Charging Case" is the name of the
8   product used by Apple itself to identify its *standard* (as opposed to wireless)
9   charging case. Dkt. 4, Exh. 1 at 4.[1]  Where, as a result of ordinary language
10  construction, no reasonable consumer would be confused, courts will not hesitate to
11  dismiss false advertising claims at the pleading stage. *See*, *e.g.*, *Dumas*, 2016 WL
12  1367511, at *4 (parsing the phrase "Jamaican Style Lager" and dismissing
13  complaint because "[c]learly, 'Jamaican' modifies the word 'Style' not 'Lager.'").

14  Plaintiff also points to the phrase "wireless to the fullest" to argue that
15  Costco's listing falsely advertised that the product came with a wireless charging
16  case. While Plaintiff disingenuously faults Costco for not discussing this phrase in
17  its opening memorandum (Opp., at 4 n.3), this is because Plaintiff never quoted,
18  cited or relied on this language even once in his Complaint.

19  As an initial matter, "wireless to the fullest" is an inherently vague and
20  generalized term, not a factual representation capable of being proven false or of
21  being reasonably interpreted as a statement of objective fact. *See Welk v. Beam
22  Suntory Imp. Co.*, 124 F. Supp. 3d 1039, 1043 (S.D. Cal. 2015) (Burns, J.)  In any
23  event, the language would not cause a reasonable consumer to believe that Costco
24  was selling AirPods that were accompanied by a wireless charging case. In this
25  regard, the phrase (which appears further down Costco's listing page in the

---

[1] Notably, Apple itself uses the term "wireless" to describe the headphones on the product page featuring its standard, non-wireless, charging case. Dkt. 4, Exh. 3 at 9 (stating that "[t]he new AirPods deliver the wireless headphone experience").

"Product Details" section), is used as a *heading*. To the extent a reasonable consumer would see this language, it cannot be read in isolation, but rather must be read in conjunction with the paragraph to which the heading relates—a paragraph which clearly describes the AirPods themselves, *not* a charging case:

> **Wireless to the fullest.**
>
> After a simple one-tap setup, AirPods are automatically on and always connected. Using them is just as easy. They sense when they're in your ears and pause when you take them out. And the AirPods experience is just as amazing whether you're using them with your iPhone, Apple Watch, iPad, or Mac.

Complaint, Exh. B at 14. *See Freeman v. Time, Inc.*, 68 F.3d 285 (9th Cir. 1995) (statement not misleading as a matter of law where "[t]he qualifying language appears immediately next to the representations it qualifies and no reasonable reader could ignore it"). Notably, Costco's description, including the "Wireless to the fullest" heading and the paragraph underneath, appears in precisely the same language on Apple's own AirPods product overview page. Complaint, Exh. A at 3.

Not only does a reading of the text itself demonstrate that the word "wireless" refers to the headphones and not the charging case, Plaintiff has already conceded in his Complaint that he did not interpret the word as referring to a charging case. Complaint, ¶29 (asserting that Costco's product listing "omitted any reference to how the product was charged"); ¶30 ("[t]he only reference to how the Product was charged was under 'Product Details' wherein the description stated 'AirPods with Charging Case'"). These admissions foreclose Plaintiff's new argument that he interpreted the word "wireless" in the product name or the phrase "wireless to the fullest" in the Product Details section as referring to the charging case (*see* Opp., at 15:18-20), and he therefore cannot possibly establish actual or justifiable reliance on this language in purchasing the product. *See Phillips v. Apple Inc.*, 2016 WL 1579693, at *6 (N.D. Cal. Apr. 19, 2016) (reliance required under FAL, UCL, CLRA and for negligent misrepresentation).

**B. Plaintiff's Reliance on "Customer Reviews" is Unavailing**

Plaintiff's attempt to introduce various unauthenticated "customer reviews" (Opp., at 4:13-6:11), is a red herring designed to prejudice the Court and distract its attention from the actual allegations of Plaintiff's Complaint and the language of Costco's product listing. Even if product reviews could be considered (as discussed below, they are not subject to judicial notice), and even if some segment of consumers actually believed that Costco's AirPods came with a "wireless charging case," this would not make Plaintiff's alleged interpretation of Costco's product listing "reasonable." *See Cheslow*, 2020 WL 1701840 at *5 (disregarding alleged negative reviews, and holding that "it would not be appropriate to base liability off of a misunderstanding . . . Simply because some consumers unreasonably assumed that 'white' in the term 'white chips' meant white chocolate chips does not make it so"); *Becerra*, 945 F.3d at 1230 ("Just because some consumers may unreasonably interpret the term differently does not render the use of 'diet' in a soda's brand name false or deceptive.").

Furthermore, contrary to Plaintiff's assertion, unsubstantiated customer reviews, which Plaintiff attempts to offer for their truth, are hearsay and are not subject to judicial notice.

The parties agree that the Apple product pages introduced by Costco are properly judicially noticed, as they are not subject to reasonable dispute and demonstrate the language used on Apple's public website, regardless of its truth. *See Wolf v. Hewlett Packard Co.*, 2016 WL 7743692, at *3 (C.D. Cal. Sept. 1, 2016) (product pages were properly noticed because, among other things, the defendant was responsible for their content, thereby diminishing any concerns over the accuracy of the information). Conversely, the court in *Wolf* declined to take judicial notice of online consumer reviews. Given their anonymous and pseudonymous nature, not only was their accuracy questionable, but they were also subject to foundation, hearsay and relevance objections. *Id. See also Punian v.*

*Gillette Co.*, 2015 WL 4967535, at *5 (N.D. Cal. Aug. 20, 2015) (in consumer case, court could not take notice of reviews which appeared on defendant's website).

Here, Plaintiff acknowledges that there are nearly 11,000 reviews on Costco's website relating to the AirPods product, and that he reviewed a small "sampling" of those reviews. Opp., at 4:15. Aside from the fact that the reviews themselves constitute inadmissible and unauthenticated hearsay, Plaintiff offers no information regarding the methodology used to conduct his "sampling" exercise. Nor do we have any information regarding who wrote the reviews, when they were made, or what information the consumers relied on forming their opinions. In addition, given Plaintiff's recognition that Costco's website product listings change over time (Opp., at 4 n.5), it is unclear what particular language appeared in the product listing at the time of each individual review.[2]

Finally, the Complaint does not incorporate or refer to the reviews, so they must be disregarded for this reason as well. *Punian*, 2015 WL 4967535, at *5.

### C. Costco had No Duty to Disclose what it was *Not* Selling

Unable to point to any misrepresentations in Costco's product listing, Plaintiff nevertheless faults Costco for not affirmatively disclosing that its AirPods did *not* come with a *wireless* charging case. Opp., at 18:20-22. Plaintiff also contends that Costco was required to disclose to uninformed consumers that Apple sold its Second Generation AirPods in two different product bundles, one that was accompanied by a standard charger and one by a wireless charger—even though Costco itself sold only one of these products. Opp., at 20:7-11. Plaintiff offers no legal authority for these assertions.

Plaintiff relies entirely on product defect cases, which are inapposite. For example, *Falk v. General Motors Corp.*, 496 F. Supp. 2d 1088, 1096-1097 (N. D.

---

[2] Contrary to Plaintiff's representation (Opp., at 4 n.3), the version of Costco's product listing attached as Exh. "C" to the declaration of Plaintiff's counsel does state that "Standard charging case charges using standard Lightning connector."

Cal. 2007), concerned a car manufacturer's duty to disclose defective speedometers, which plaintiffs alleged constituted a safety hazard. Such concerns are not present here, and Plaintiff has not cited any cases suggesting that a retailer is required to disclose attributes that an offered product does *not* have. In other words, while a car dealer may have a duty to disclose a known product defect, it would have no similar duty to disclose that one of its individual trim lines "is not the version that includes a sunroof."

### D. Plaintiff Cannot State a Claim for Negligent Misrepresentation

As with his other claims, Plaintiff's Fourth Claim for Negligent Misrepresentation is based on Costco's alleged representation that it was selling "the latest version of 2nd Generation Apple AirPods" when it knew or should have known that "the Product was not a true latest version of the 2nd Generation Apple AirPods" because it did not come with a wireless charging case. Complaint, ¶¶87-88. Plaintiff now concedes that this allegation is incorrect—that Apple in fact offers its Second Generation AirPods in two different bundles, one of which does not include a wireless case. Opp., at 2:18-23 and n.1.

Plaintiff's Complaint does not allege any other affirmative representations that Costco made in its product listing about the nature of the charging case included with its AirPods product. To the contrary, Plaintiff admits that "[t]he *only* reference to *how the Product was charged* was under 'Product Details' wherein the description stated AirPods with Charging Case." Complaint, ¶30 (emphasis added). This admission forecloses any possibility that Plaintiff relied on or was influenced by *other* language in the product listing, including the statement "wireless to the fullest," which is not mentioned anywhere in the Complaint.

Plaintiff's negligent misrepresentation claim is also barred by the "economic loss doctrine." This Court so held in *Welk*, 124 F. Supp. 3d at 1044 (Burns, J.), a case involving allegations that defendant falsely characterized its bourbon as "handmade." While the plaintiff in *Welk* did concede that the economic loss

doctrine barred his claim, this Court independently agreed. *Id.*

Plaintiff's proclamation that "it is now settled that the doctrine does not apply to negligent representation claims" (Opp., 22:5-6, citing a non-binding Central District of California case), is unavailing, and other courts have concurred with the conclusion in *Welk*. *See*, *e.g.*, *Ladore v. Sony Computer Entm't Am., LLC*, 2014 WL 7187159, at *8-9 (N.D. Cal. Dec. 16, 2014) (negligent misrepresentation claim dismissed pursuant to the "economic loss" rule where plaintiff alleged only economic damages as a result of his purchase of allegedly defective Sony product); *Tasion Comm'ns, Inc. v. Ubiquiti Networks, Inc.*, 2013 WL 4530470, at **9–11 (N.D. Cal. Aug. 26, 2013) (dismissing negligent misrepresentation claim because it was based solely on marketing materials that touted the benefits of the product).

### E. Plaintiffs' Class Allegations are Improper

Plaintiff concedes that a nationwide class is not proper with respect to his claims under the FAL, CLRA and UCL. Opp., at 23:7-8. Nevertheless, he contends that his common-law claim for negligent misrepresentation supports a nationwide class. Plaintiff appears to allege that all of his claims arise under California law, as no other state's laws are cited. *See* Complaint, ¶45 ("members of the Class will continue to be misled, harmed, and denied their rights under California law"). *See also Romero v. Flowers Bakeries, LLC*, 2016 WL 469370, at *12 (N.D. Cal. Feb. 8, 2016) (dismissing class action complaint where applicable state's law not alleged).

However, in the consumer protection context, a plaintiff's claims are generally governed by the laws of the jurisdiction in which the plaintiff made his or her purchase. *Mazza v. American Honda Motor Co., Inc.*, 666 F.3d 581, 593-94 (9th. Cir. 2012) (noting that "each foreign state has an interest in applying its law to transactions within its borders"); *Frenzel v. AliphCom*, 76 F. Supp. 3d 999, 1007 (N.D. Cal. 2014) (*Mazza* is "not only relevant but controlling," even at the pleading phase"). Moreover, Costco is a Washington corporation (Complaint, ¶15) and the Court lacks jurisdiction to apply California law to Costco's transactions with non-

Californians. *Carpenter v. PetSmart, Inc.*, 2020 WL 996947, *5 (S.D. Cal. Mar. 2, 2020). Accordingly, adjudication of the negligent misrepresentation claim on behalf of a nationwide class would necessarily entail the application of different laws of potentially 50 states, which is not viable, and for which Plaintiff lacks standing. *Id*. at *8. *See also Larsen v. Vizio, Inc.*, 2015 WL 13655757, at *2 (C.D. Cal. Apr. 21, 2015) (noting the "material variations" that exist among the states' negligent misrepresentation claims); *Kramer v. Wilson Sporting Goods Co.*, 2013 WL 12133670, at *4 (C.D. Cal. Dec. 13, 2013) (dismissing, at pleading stage, a putative class action, where multiple states' laws would apply).

In addition, the class here would not be ascertainable. Plaintiff recognizes that some consumers reading Costco's product listing would be unaware of Apple's own product offerings, which could influence how they interpreted Costco's listing. Opp., at 20:8-10. It would be virtually impossible to determine what exactly each putative class member knew before being exposed to Costco's product listing. Such a highly individualized inquiry into a prospective member's state of mind makes the class unascertainable, even at the pleading stage. *See Kim v. Shellpoint Partners, LLC*, 2016 WL 1241541, at *9 (S.D. Cal. Mar. 30, 2016) (Burns, J.). Accordingly, the class allegations should be stricken.

### III. CONCLUSION

For these reasons, the Court should dismiss the Complaint without leave to amend. If the Court declines to dismiss all claims, it should strike or dismiss Plaintiff's class allegations.

DATED: June 22, 2020

GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP

By: /s/ Aaron J. Moss
AARON J. MOSS (SBN 190625)
Attorneys for Defendant Costco
Wholesale Corporation

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

# CERTIFICATE OF SERVICE

I, Myra Gutierrez, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 2049 Century Park East, 26th Floor, Los Angeles, California 90067. On June 22, 2020, I served a copy of the within document(s):

**COSTCO'S REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT PURSUANT TO FRCP 12(b)(6), OR IN THE ALTERNATIVE, TO STRIKE PURSUANT TO FRCP 12(f)**

☐ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, the United States mail at Los Angeles, California addressed as set forth below.

☒ by placing the documents in the CM/ECF system as electronic service to the person(s) set forth below.

| | |
|---|---|
| Ramin R. Hariri<br>Hariri Law Group<br>402 West Broadway, Floor 22<br>San Diego, CA 92101<br>Tel: (619) 363-2889<br>ramin@haririlaw.com<br>*Attorneys for Plaintiff* | Daryoosh Khashayar<br>Taylor Marks<br>Khashayar Law Group<br>12636 High Bluff Drive, Suite 400<br>San Diego, CA 92130<br>Tel: (858) 509-1550<br>daryoosh@mysdlawyers.com<br>*Attorneys for Plaintiff* |

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on June 22, 2020, at Los Angeles, California.

_____
Myra Gutierrez