**HARIRI LAW GROUP**
RAMIN R. HARIRI (SBN: 251625)
402 West Broadway, Suite 22
San Diego, CA 92101
Tel: (619) 363-2889
Fax: (619) 810-0791
Email: ramin@haririlaw.com

**KHASHAYAR LAW GROUP**
Daryoosh Khashayar, Esq. (SBN 236496)
Taylor Marks, Esq. (SBN 308381)
12636 High Bluff Drive, Suite 400
San Diego, CA 92130
Tel.: (858) 509-1550
Fax: (858) 509-1551
Email: daryoosh@mysdlawyers.com

ATTORNEYS FOR PLAINTIFF

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON THOMAS, Individually and On Behalf of All Others Similarly Situated,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>COSTCO WHOLESALE CORPORATION; DOES 1-10, inclusive,<br><br>　　　　　Defendants. | CASE NO.: 20-cv-0718-LAB (BLM)<br><br>*Hon. Larry A. Burns*<br><br>**PLAINTIFF'S SUPPLEMENTAL BRIEF ON EVIDENTIARY ISSUES AND IN OPPOSITION TO SUMMARY JUDGMENT**<br><br>Action Filed on April 15, 2020 |

Hariri Law Group
402 West Broadway, Floor 22
San Diego, CA 92101

Khashayar Law Group
12636 High Bluff Drive, Suite 400
San Diego, CA 92130

# I. INTRODUCTION

Pursuant to this Court's Order, Plaintiff JASON THOMAS, on behalf of himself and a class of all others similarly situated, submits his Supplemental Brief presenting evidence on issues raised in the parties' briefing on the Motion to Dismiss ("MTD") filed by Defendant COSTCO WHOLESALE CORPORATION ("Costco"); and opposing summary judgment under Fed. R. Civ. P. 12(d) and 56.

The parties agree that the central issue is whether Costco's website product listing for Apple 2nd Generation AirPods is likely to mislead a reasonable consumer to believe that the product bundle sold includes a wireless charging case. This material issue of fact is hotly disputed, and Plaintiff provides evidence that numerous consumers were misled in precisely the same manner as Plaintiff.

Whether a representation is likely to mislead a reasonable consumer is nearly always a question of fact. *Williams v. Gerber Products Co.*, 552 F.3d 934, 938-939 (9th Cir. 2008). Thus, where the parties' evidence raises a dispute as to whether an advertisement was misleading to reasonable consumers, summary judgment must be denied. *The Plane Exchange, Inc. v. Francios*, 2015 WL 9031495 (E. D. Ca. Dec. 16, 2015). Plaintiff presents overwhelming evidence here.

## II. ALL OF PLAINTIFF'S EVIDENCE IS PROPERLY AUTHENTICATED, MATERIAL TO THE ISSUES, AND ADMISSABLE

Regarding authentication, besides two self-authenticated declarations (F. Rule Civ. P. 56(c)(4)),[1] Plaintiff's evidence consists of documents printed from publicly available websites in two categories: (1) pages from Costco's own website (Ex. B, C, and D); and (2) pages from the corporate websites of other AirPod retailers (Ex. E, F, and G).[2] Under Fed. R. Evid. ("FRE") 901(a), the foundational

---

[1] The significance, materiality, and admissibility of the testimony of two consumers; describing how they were misled by Costco's online product listing when buying AirPods in exactly the same way as the Plaintiff, is abundantly clear, and their Declarations are not subject to any legitimate objection (Ex. H and I).

[2] Exhibit A to Plaintiff's Complaint is not submitted, as it consists of product pages from Apple's website, to which Costco added additional pages from the same site in its Request for Judicial Notice ("RJN") Ex. 1, 2, and 3. Plaintiff's submitted Exhibits are attached to the Declaration of Daryoosh Khashayar filed herewith.

1

PLAINTIFF'S SUPPLEMENTAL BRIEF          20-cv-0718

burden of authenticating documents is generally satisfied by providing accompanying "…evidence sufficient to support a finding that the matter in question is what its proponent claims." *Perfect 10, Inc. v. Cybernet Ventures, Inc.*, 213 F. Supp.2d 1146, 1153-55 (C. D. Cal. 2002).[3]

This is not a heavy burden. "[C]ourts have considered website print-outs sufficiently authenticated where the proponent declared that they were true and correct copies of pages on the internet, and the print-outs included their webpage URL address and the dates printed." *21st Century Fin. Svcs., LLC v. Manchster Fin. Bank*, 225 F. Supp.3d 1012, 1020 (S. D. Cal. 2017) (noting that both authentication and foundation requirements were met when these prerequisites were satisfied). This principle applies equally to pages ***published by a party*** and those from ***third party*** websites. Such exhibits are adequately authenticated (and a foundation provided) where the proponent or his/her counsel testifies that the pages are accurate copies of what they purport to be, printed under his/her direction, and the pages show the printing date and URL. See *Perfect 10*, 213 F. Supp.2d at 1154; *Medmark, LLC v. Idingo, LLC*, 2018 WL 6437995 (C. D. Cal. Nov. 2, 2018) at * 2 (also noting, "Because the website printouts are attached to a declaration of counsel adequately describing what they are and how they were obtained, it is not necessary for the Court to take judicial notice of them to consider them").

Plaintiff's Ex. B, C, and D (from Costco's own product listing website) and Ex. E, F, and G (from third-party websites) are authenticated by the declaration of Plaintiff's counsel and all show the printing date and URL. Thus, authentication and a proper foundation are established for all exhibits submitted.

### A. Product Listings, Customer Reviews and Other Materials from Costco's Website are Admissible and Essential to Plaintiff's Case

This category of evidence includes some of the most significant to this case. First, the introductory pages of Costco's product listing, showing an image of the AirPods sold plus the descriptive text as it appeared at the time of Plaintiff's

---

[3] Abrogated in part on other grounds noted in *Fabian Perez Art Publ., LLC v. Las Brujas, Inc*. 2015 WL 11430871 (Mar. 27, 2015).

purchase (Ex. B, also reproduced in part by Costco at MTD p. 5) and at present (Ex. C),[4] is relied on and referenced by *both parties*. These Exhibits form the basis for Plaintiff's central claim that Costco's representations and omissions are misleading to reasonable consumers, as well as Costco's argument to the contrary. The significance of such evidence is undeniable. See *Wolf v. Hewlett Packard Co.*, 2016 WL 7743692 (C.D. Cal. 2016) at *3 (exhibits showing defendant's product pages published on its website were "highly relevant to material issues in this case," thus objections on relevancy, foundation, and hearsay were not appropriate).

Second, while Costco tries to characterize the customer reviews (Ex. D) as "unauthenticated" and distinct from its product listing (Reply p. 6), the reviews ***immediately follow*** the AirPods image and specifications on the ***same public website it maintains and controls*** (with most reviews written by a "verified purchaser") (Ex. B, C, D). As Costco points out, a defendant's ***own product pages*** are properly subject to judicial notice, since (among other things) "…the defendant was responsible for their content, thereby diminishing any concerns over the accuracy of the information" (Reply p. 6, citing *Wolf, 20*16 WL 7743692).[5] In *Wolf*, the court *did not*, as Costco suggests, decline to take notice of consumer reviews on the defendant's ***own website***, but only of those on unrelated third-party platforms. The *Wolf* court found this to be a key distinguishing factor, since a party's website is not subject to concerns affecting third-party sources. *Id* at *3.[6]

---

[4] As explained in Plaintiff's Opposition at p. 4, ftn. 5, at some point after Plaintiff's Complaint was filed, Costco slightly changed its product listing but did nothing to clarify the text or presentation to make it any less deceptive or misleading.

[5] Also, as Costco argues in seeking judicial notice for more pages from the Apple website excerpted by Plaintiff as Comp. Ex. A, the court may consider additional documents referenced in a party's exhibits, but not attached, under the "incorporation-by-reference" doctrine (MTD p. 7; Costco's RJN at pp. 3-4). As discussed in Plaintiff's accompanying RJN, the doctrine expressly applies to website pages. See *Knievel v. ESPN*, 303 F.3d 1068, 1076 (9th Cir. 2005); *Perkins v. LinkedIn Corp.*, 53 F. Supp. 3d 1190, 1204-1206 and n. 2, 5 (N. D. Cal. 2014).

[6] In its Reply at p. 6, Costco cites *Cheslow v. Ghirardelli Chocolate Co.*, 2020 WL 1701840 at *5 (N. D. Cal. Apr. 8, 2020), disingenuously claiming the court

3

Hariri Law Group
402 West Broadway, Floor 22
San Diego, CA 92101

Khashayar Law Group
12636 High Bluff Drive, Suite 400
San Diego, CA 92130

Hariri Law Group
402 West Broadway, Floor 22
San Diego, CA 92101

Khashayar Law Group
12636 High Bluff Drive, Suite 400
San Diego, CA 92130

The reviews on Costco's website showing that other AirPod buyers were misled by the listing in exactly the same way as Plaintiff go to the central issue of whether the listing is likely to deceive a reasonable consumer, and supports Plaintiff's burden to make such a showing. See *Brenner v. Procter & Gamble Co.*, 2016 WL 8192946 at * 4 (C. D. Cal. Oct. 20, 2016) ("Under the UCL, FAL, and CLRA, courts apply the "reasonable consumer" test, which requires a plaintiff to show that "members of the public are likely to be deceived"); *Falk v. General Motors Corp.*, 496 F. Supp. 2d 1088, 1096 (N. D. Cal. 2007) (recognizing the significance of internet complaints about defective speedometers in a case alleging CLRA and UCL violations plus fraud by omission).

Even if Costco could object on relevance or materiality grounds, such objections would go to the weight, rather than admissibility, of the evidence. *21st Century*, 255 F. Supp.3d at 1020. As for potential hearsay objections, Costco does not dispute that the product listings or reviews are from its website. These pages are kept in the course of Costco's regularly conducted activity, on its website offering AirPods for sale, and would therefore qualify for the business records exception (FRE 803(6)(B)); see also *Abu-Lughod v. Calis*, 2015 WL 12746198 (C.D. Cal. May 20, 2015) at *3. Also, a statement kept on a party's website without objection or denial to the statement asserted is admissible as the admission of a party opponent under FRE 801(d)(2). *Id*.

**B. Product Listings From Other Retailers' Websites**

Costco will presumably challenges the materiality of these exhibits, yet they go directly to its legal responsibility to advertise in a manner that is not false, deceptive, or misleading to reasonable consumers—including a duty to disclose

---

"…disregarded alleged negative reviews." This is inaccurate. *Cheslow* involved an unreasonable assumption about the product by ***plaintiffs*** based solely on its labeling—***not*** customer reviews. Costco also cites *Becerra v. Dr. Pepper/Seven Up*, 945 F.3d 1225, 1230 (9th Cir. 2019), wherein the court referred to how "some consumers" may interpret the term "diet" but mentioned no customer reviews (noting only that a survey of soft-drink consumers could not "on its own" salvage plaintiff's claim, but suggesting that such evidence could be relevant).

facts that are material to the transaction. "Materiality" established if omitted information would cause a reasonable consumer to behave differently if aware of the information. See *Tietsworth v. Sears, Roebuck & Co.*, 720 F. Supp. 2d 1123, 1138 (N. D. Cal. 2010); *Falk,* 496 F. Supp. 2d at 1095-97 (N. D. Cal. 2007). It was Costco's obligation to tell customers what they were buying—especially since its listing repeatedly uses the term "wireless." See *Id*. Exhibits E, F, and G show how other AirPod retailers easily avoided misleading consumers by including language such as "wired charging case" (Ex. F, G); or stating that the model sold contains the standard lightening charging case, NOT the wireless case (Ex. E).

Also, the exhibits are not subject to a hearsay objection. Pages offered to show what is found on a website are neither "statements" nor offered for their truth. See *Perfect 10*, 213 F. Supp.2d at 1155 (overruling hearsay objection to printouts from third-party websites, stating, "To the extent these images and text are being introduced to show the images and text found on the websites, they are not statements at all—and thus fall outside the ambit of the hearsay rule" [citing FRE 801]); see also *Wolf*, 2016 WL 7743692 at *3 (cited by Costco to make the same argument regarding its submitted Apple pages at Reply p. 6). The *Perfect 10* court also noted that assuming the printouts were subject to the best evidence rule (FRE 1001), they met the Rule's requirements. *Perfect 10* at 1155, n. 4.

### IV.  CONCLUSION:

For the reasons set forth herein, all evidence submitted by Plaintiff should be admitted, and summary judgment denied.

Respectfully Submitted,

Dated: July 27, 2020      **HARIRI LAW GROUP**
    **KHASHAYAR LAW GROUP**

By: *Daryoosh Khashayar*
Daryoosh Khashayar, Esq.
Attorney for Plaintiffs

5

PLAINTIFF'S SUPPLEMENTAL BRIEF     20-cv-0718