**HARIRI LAW GROUP**
RAMIN R. HARIRI (SBN: 251625)
402 West Broadway, Suite 22
San Diego, CA 92101
Tel: (619) 363-2889
Fax: (619) 810-0791
Email: ramin@haririlaw.com

**KHASHAYAR LAW GROUP**
Daryoosh Khashayar, Esq. (SBN 236496)
Taylor Marks, Esq. (SBN 308381)
12636 High Bluff Drive, Suite 400, San Diego, CA 92130
Tel.: (858) 509-1550
Fax: (858) 509-1551
Email: daryoosh@mysdlawyers.com

ATTORNEYS FOR PLAINTIFF

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON THOMAS, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>COSTCO WHOLESALE CORPORATION; DOES 1-10, inclusive,<br><br>Defendants. | CASE NO.: 20-cv-0718-LAB-BLM<br><br>*Hon. Larry A. Burns*<br><br>**PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF SUPPLEMENTAL BRIEF AND OPPOSITION TO SUMMARY JUDGMENT**<br><br>Action Filed on April 15, 2020 |

Pursuant to Federal Rule of Evidence 201, Plaintiff JASON THOMAS hereby requests that the Court take judicial notice of the following matters in

1

adjudicating Defendant's Motion to Dismiss/Motion for Summary Judgment and Plaintiff's Opposition thereto, all of which are found on publicly available websites. True and correct copies of these materials are attached as Exhibits B, C, D, E, F, and G to the accompanying Declaration of Daryoosh Khashayar in Support of Plaintiff's Supplemental Brief, Opposition to Defendant's Motion and in Support of this Request for Judicial Notice:

- Costco's former website product listing page for "Apple AirPods Wireless Headphones with Charging Case (2nd Generation) as it existed on the date Plaintiff purchased the subject AirPods (on or about March 24, 2020), at that time available at https://www.costco.com/apple-airpods-wireless-headphones-with-charging-case-(2nd generation).product.100487204.html (Khashayar Dec. Ex. B [also Exhibit B to Plaintiff's Complaint]);

- Costco's current website product listing page for "Apple AirPods Wireless Headphones with Charging Case (Latest Model)," available at https://www.costco.com/apple-airpods-wireless-headphones-with-charging-case-(latest-model).product.100487204.html (Khashayar Dec. Ex. C);

- Consumer reviews posted on Costco's current website product listing page for "Apple AirPods Wireless Headphones with Charging Case (Latest Model)," available at https://www.costco.com/apple-airpods-wireless-headphones-with-charging-case-(latest-model).product.100487204.html (Khashayar Dec. ¶ 7 and Ex. D).

- Walmart's current website product listing page for "Apple AirPods with Charging Case (Latest Model)," available at https://www.walmart.com/ip/Apple-AirPods-with-Charging-Case-Latest-Model/604342441 (Khashayar Dec. Ex. E).

- Target's current website product listing page for "Apple AirPods with Wired Charging Case," available at https://www.target.com/p/apple-airpods-with-wired-charging-case/-/A-54191097 (Khashayar Dec. Ex. F).

- Amazon's current website product listing page for "Apple AirPods with Wired Charging Case," available at https://www.amazon.com/Apple-AirPods-Charging-Latest-Model/dp/B07PXGQC1Q/ref=sr_1_1_sspa?crid=2VIHNFCRT1AV6&dchild=1&keywords=apple+airpods&qid=1595353014&sprefix=Apple+air%2Caps%2C209&sr=8-1-spons&psc=1&spLa=ZW5jcnlwdGVkUXVhbGlmaWVyPUEyTjNRVUdXTkdVzUyJmVuY3J5cHRlZElkPUEwNjMyNTUxVUFBRlM0Ulg4SUEyJmVuY3J5cHRlZEFkSWQ9QTEwMDQ4NzBEQkpVSkxXUVVYyT0wmd2lkZ2V0TmFtZT1zcF9hdGYmYWN0aW9uPWNsaWNrUmVkaXJlY3QmZG9Ob3RMb2dDbGljaz10cnVl (Khashayar Dec. Ex. G).

Under Fed. R. Evid. 201, the Court is empowered to take judicial notice of adjudicative facts not subject to reasonable dispute, including the content of publicly accessible websites and other publicly-available documents showing what information is "in the public realm." See *Daniels-Hall v. Nat'l Educ. Ass'n.*, 629 F.3d 992, 998 (9th Cir. 2010); *Loomis v. Slendertone Distribution, Inc.*, 420 F. Supp.3d 1046, 1062-1063 (S.D. Cal. 2019) (taking judicial notice of advertisements and product listings on public websites).

The above-referenced matters all consist of pages from publicly available websites, which are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned; and are therefore subject to judicial notice under Fed. R. Evid 201(b).

While judicial notice of pages from nonparty websites are equally subject to judicial notice where (as here) they are not subject to reasonable dispute and

demonstrate the language used on a public website; judicial notice is particularly appropriate when one party requests notice of pages from the opposing party's own public website. See *Wolf v. Hewlett Packard Co.*, 2016 WL 7743692 (C.D. Cal. 2016) at *3; *Perkins v. LinkedIn Corp.,* 53 F. Supp. 3d 1190, 1201, 1204-1206 (N. D. Cal. 2014) (taking judicial notice of pages from both parties' websites and postings [including defendant's Help Center pages containing customer complaints] as well as those of third parties); *Greater San Diego Assoc. of Realtors, Inc. v. Sandicor, Inc.*, 2016 WL 4597536 (S. D. Cal. May 25, 2016) at *13 (citing *Perkins* and taking judicial notice of rules and regulations published on defendant's website) *Cottle v. Western Skyways, Inc.*, 2017 WL 1383277 (E. D. Cal. Apr. 18, 2017) at *5, n. 2 (judicial notice taken of pages from defendant's website, including customer testimonials).

Additionally, with respect to the web pages showing consumer reviews posted on Costco's current website product listing page (Exhibit D), these documents are also properly considered under the "incorporation by reference" doctrine. This rule allows for the addition of documents to make for a complete and accurate record, and prevents parties from selecting only portions of documents that support their claims or positions taken in an action, while omitting portions of those very documents that weaken their arguments. See *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 998, 1002 (9th Cir. 2018). The Ninth Circuit has expressly held that this doctrine applies to website pages. As explained in *Knievel v. ESPN*, 303 F.3d 1068, 1076 (9th Cir. 2005):

> In evaluating the context in which the statement appeared, we must take into account "all parts of the communication that are ordinarily heard or read with it." Restatement (Second) of Torts § 563 cmt. d (1977)… The rationale of the "incorporation by reference" doctrine applies with equal force to internet pages as it does to printed material.

*Id; see also Perkins,* 53 F. Supp. 3d at 1204-1206 and n. 2, 5 (N. D. Cal. 2014)

(applying doctrine in granting defendant's request for judicial notice of entire set of web documents where parts were referenced or incorporated into complaint, citing *Knievel*).

    Accordingly, Plaintiff respectfully asks that the Court grant the foregoing request to take judicial notice of these matters.

    Respectfully Submitted,

Dated: July 27, 2020

**HARIRI LAW GROUP**
**KHASHAYAR LAW GROUP**

By: *Daryoosh Khashayar*
Daryoosh Khashayar, Esq.
Attorney for Plaintiffs