AARON J. MOSS (SBN 190625)
AMoss@ggfirm.com
GREENBERG GLUSKER FIELDS CLAMAN &
MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067-4590
Telephone: 310.553.3610
Fax: 310.553.0687

Attorneys for Defendant
Costco Wholesale Corporation

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON THOMAS, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION; DOES 1-10, inclusive,<br><br>Defendants. | Case No. 20-CV-0718-LAB-BLM<br><br>*Assigned To:* Hon. Larry A. Burns<br><br>**COSTCO'S SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**<br><br>Declarations of JoAnna Blythe and Lorri Curry Filed Concurrently Herewith<br><br>Action filed on April 15, 2020 |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Defendant Costco Wholesale Corporation ("Costco") submits this supplemental brief pursuant to the Court's July 8, 2020 Order (Dkt. 11), in which the Court found that the interests of efficiency and judicial economy would be best served by treating Costco's Motion to Dismiss as a motion for summary judgment.

As Costco previously argued in support of its Motion to Dismiss (Dkt. 4, "Motion") and Reply Memorandum (Dkt. 9, "Reply"), no ordinary consumer acting reasonably under the circumstances would be justified in expecting that a "wireless charging case" was included with Costco's AirPods product, where Costco never stated that its product came with such a case or that the product was capable of wireless charging.  Indeed, as further explained in Costco's Reply, Plaintiff Jason Thomas ("Plaintiff") judicially admitted in his Complaint (Dkt. 1, "Complaint") that even *he* did not rely on or interpret Costco's product listing in this manner. Complaint, ¶¶29-30.

In support of this supplemental brief, Costco presents and authenticates two items of evidence: (1) the AirPods product listing as contained on Apple's website; and (2) the product listing from Costco's website, which identifies and describes the Apple AirPods sold by Costco and which serves as the basis for Plaintiff's claims.  Plaintiff did not object to Costco's previous introduction of this evidence.

Whether treated as facts not subject to reasonable dispute and therefore properly judicial noticed, or as undisputed facts supporting summary judgment, the result should be the same.  There is nothing false or misleading about Costco's product listing where: (1) Apple sells its Second Generation AirPods in the same configuration offered by Costco; and (2) Costco identified and described its AirPods in the same manner as Apple does on its own website.  Accordingly, Costco's motion for summary judgment should be granted.

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

## II. ARGUMENT

### A. The Applicable Evidence Supports Summary Judgment

In connection with its Motion, now treated as a Motion for Summary Judgment, Costco is submitting the following evidence, filed concurrently:[1]

First, the Declaration of JoAnna Blythe, Litigation Support Manager for Costco's counsel, authenticating the product listing pages for Apple's Second Generation AirPods as displayed on Apple's publicly available website. The authenticated document (Blythe Decl., Exhibit "A")[2] consists of Apple's "Shop AirPods" product page, as well as the product pages for Apple's "AirPods with Wireless Charging Case" and "AirPods with Charging Case" as retrieved from Apple's website on April 22, 2020. These are the same documents for which Costco previously requested the Court take judicial notice (Dkt. 4-2, "Request for Judicial Notice"), without objection.

Second, the Declaration of Lorri Curry, Director of Content for Costco.com, authenticating Costco's product listing for "Apple AirPods Wireless Headphones with Charging Case (2nd Generation)" as it existed on Costco's website at the time Plaintiff alleges he purchased AirPods online on March 24, 2020. Complaint ¶¶2, 26. The authenticated document (Curry Decl., Exhibit "B") is the same version of the Costco product listing page that Plaintiff attached to and relied on as Exhibit "B" to his Complaint.

The above evidence is significant and compels the granting of Costco's Motion for the following reasons:

Exhibit "A" (Apple's product listing pages) conclusively establishes that

---

[1] Costco continues to maintain that this evidence is also properly considered under the "incorporation by reference" doctrine or as subject to judicial notice, for the reasons previously articulated. Plaintiff has agreed. *See* Request for Judicial Notice (Dkt. 4-2); Opposition to Motion to Dismiss (Dkt. 8 at pp. 8:13-21).

[2] The referenced Exhibits "A" and "B" are authenticated and attached to the accompanying Declarations of JoAnna Blythe and Lorri Curry, respectively.

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

Apple itself produces and alternatively offers its Second Generation wireless AirPods accompanied by two *different* cases, one of which is capable of wireless charging and one of which is not. Blythe Decl., Exh. "A" at pp. 5-12.  The evidence from Apple's website directly refutes the assertion in Plaintiff's Complaint (¶¶2-5, 20-22, 27, 61, 74, 77, 78, 87, 88) that Costco engaged in false advertising and related torts by representing that it was selling "Second Generation Apple AirPods," a product that Plaintiff alleged would have necessarily included a wireless charging case for the earbuds.

Exhibit "B" (The Costco product listing page relied upon by Plaintiff) identifies that the AirPods Costco was selling were Apple's "2nd Generation" wireless headphones, and that they included a "Charging Case." Curry Decl., Exh. "B" at p. 4.  "Charging Case" is the same product name used by Apple on its own website to describe the version of its AirPods that are bundled with a standard (i.e., "non-wireless") charging case.  Blythe Decl., Exh. "A" at p. 9.

Importantly, Plaintiff's Complaint did not contend that Costco affirmatively stated or implied that its product came with a charging case that was capable of wireless charging. Complaint, ¶29 (alleging Costco "omitted any reference to how the product was charged"); ¶30 (alleging that the "only reference to how the product was charged" was the use of the term "AirPods with Charging Case").  In his opposition to Costco's previous Motion to Dismiss, Plaintiff attempted to assert that Costco's use of the word "wireless" on its product listing page (Curry Decl., Exh "B" at p. 4) constituted a representation that Costco's AirPods product came with a wireless charging case.  However, as Costco explained in its Reply, this argument fails for two independent reasons.  First, it contradicts Plaintiff's concession in his Complaint that he did not interpret or rely upon the word "wireless" as having anything to do with "how the product was charged." Complaint, ¶¶29-30.  Second, under ordinary rules of language construction and taken in context, Costco's use of the term "wireless" manifestly does *not* describe

how the case is charged, but rather describes the functionality of the AirPods product itself, which operates wirelessly. *See* Reply at pp. 3-5.

### B. The Applicable Law Supports Summary Judgment

Based on the uncontroverted evidence submitted by Costco, and as described in greater detail in Costco's Motion and Reply, this case may be decided as a matter of law on summary judgment.

The parties agree that a "reasonable consumer" standard governs the legal inquiry. Under this test, Plaintiff bears the burden of establishing that "it is probable that a *significant portion* of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled." *Lavie v. Procter & Gamble Co.*, 105 Cal. App. 4th 496, 508 (2003) (emphasis added). Courts have decided the reasonable consumer inquiry as a matter of law based on nothing more than a review of an advertisement's content. For example, in *Freeman v. Time, Inc.*, 68 F.3d 285, 289-90 (9th Cir. 1995), the Ninth Circuit affirmed the trial court's grant of a motion to dismiss false advertising and related claims. The Court found that the interpretation of an advertisement advanced by plaintiff was unreasonable "in the context of the entire document" and that a "reasonable person" is one who would have read the entire document and interpreted it "as a whole."

In *Holt v. Noble House Hotels & Resort, Ltd.*, 370 F. Supp. 3d 1158 (S.D. Cal. 2019), the court made a similar determination on summary judgment. The court reiterated that under the UCL, FAL and CLRA, the "reasonable consumer" standard "implies more than a mere possibility" that defendant's communication "might conceivably be misunderstood by some few consumers viewing it in an unreasonable manner." *Id.*, 370 F. Supp. 3d at 1167, *quoting Lavie*, 105 Cal. App. 4th at 508. In determining whether a statement is misleading, "the primary evidence in a false advertising case is the advertising itself." *Holt*, 370 F. Supp. 3d at 1167. Reviewing the defendant's food surcharge disclosures "as a whole" and

1  "in context," the court found that a reasonable consumer would not be misled as a
2  matter of law.

3  Here, Costco's undisputed evidence is particularly strong when viewed in light of the allegations in Plaintiff's Complaint. Not only did Costco's product listing never affirmatively assert that Costco was selling a "wireless charging case," and not only did any references to the word "wireless" refer, in context, to the Apple earbuds themselves, but Plaintiff himself did not rely on any references to "wireless" as describing the charging case. Complaint, ¶¶29-30. Instead, Plaintiff's Complaint was based entirely on the premise (now squarely refuted) that Costco was not selling "complete and true" Second Generation AirPods, simply because such a product, when sold by Apple, would have necessarily included a wireless charging case. *See* Reply at pp. 2:24-3:22.

Without any cognizable affirmative representations, and with no legal obligation for Costco to disclose that it was *not* selling a *different* version of the AirPods product that came with a wireless case (Motion at pp. 12:19-13:28; Reply at pp. 7:15-8:7), Plaintiff's claims fail as a matter of law.

### III. CONCLUSION

For the above reasons, as well as those previously set forth in support of Costco's Motion to Dismiss, and based on the authenticated evidence set forth in the accompanying Declarations of JoAnna Blythe and Lorri Curry, Costco respectfully requests that the court grant summary judgment in its favor.

DATED: July 27, 2020

GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP

By: _____
AARON J. MOSS (SBN 190625)
Attorneys for Defendant Costco
Wholesale Corporation

# CERTIFICATE OF SERVICE

I, Myra Gutierrez, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 2049 Century Park East, 26th Floor, Los Angeles, California 90067. On July 27, 2020, I served a copy of the within document(s):

**COSTCO'S SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

☐ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, the United States mail at Los Angeles, California addressed as set forth below.

☒ by placing the documents in the CM/ECF system as electronic service to the person(s) set forth below.

Ramin R. Hariri
Hariri Law Group
402 West Broadway, Floor 22
San Diego, CA 92101
Tel: (619) 363-2889
ramin@haririlaw.com
*Attorneys for Plaintiff*

Daryoosh Khashayar
Taylor Marks
Khashayar Law Group
12636 High Bluff Drive, Suite 400
San Diego, CA 92130
Tel: (858) 509-1550
daryoosh@mysdlawyers.com
*Attorneys for Plaintiff*

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on July 27, 2020, at Los Angeles, California.

_____
Myra Gutierrez